## SMITH vs. SMITH.

DEED : *Conditional limitation of wife's estate in deed to husband and wife.— Equity : Cloud upon title.*

1. Deed granting land to husband and wife, their heirs and assigns forever, with a clause stating that it was made to her on condition that if she should not continue to live with him, not having good cause for a divorce, the land should vest in fee in the husband, his heirs and assigns forever. The *habendum* clause was to the grantees, their heirs and assigns forever ; and there was a covenant of warranty. *Held*, that there was a valid conditional *limitation* of the wife's estate.

2. After the wife ceased to live with the husband, not having any ground of divorce, the deed, so far as it related to the wife, constituted such a cloud upon his title, that equity will cancel it at his suit ; and this, notwithstanding he has obtained a decree of divorce from her for willful desertion.

APPEAL from the County Court of *Milwaukee* County.

Action by *Uriel B. Smith* against *Miranda A. Smith*, to have plaintiff adjudged to be the owner in fee simple of certain real estate, free from all claim of title on the part of the defendant. Both parties claimed under a deed which grants the land to them, "their heirs and assigns forever," and which then, after a description of the land, contains the language quoted in the opinion. The *habendum* clause is, "to have and to hold the said premises, with the hereditaments and appurtenances, unto the said parties of the second part, and to their heirs and assigns forever." Full covenants of seizin and warranty are added. A demurrer to the complaint, as not stating a cause of action, was sustained ; and the plaintiff appealed.

*Rogers & Johnson* (with *J. Downer*, of counsel), for appellant, argued that the deed contained a valid conditional limitation of the defendant's estate. 1 Washb. R. P. *457–61 ; 2 id. *288, *289 ; 4 Kent, *127, *129 ; 4 id. *358, *359 ; 4 How. (U. S.) 353 ; 11 Met. 99–102 ; 2 Conn. 196 ; Greenl. Cruise, tit. 13, ch. 2, § 64, note ; Fearne on Rem. 272, 273 ; R. S. 1849, ch. 56, § 27 ; R. S. 1858, ch. 83, § 27.* The condition named in the deed is not inconsistent with the title granted, because the estate conveyed is not a fee simple absolute, but a base or determinable fee, or as it is sometimes called, a fee subject to conditions. 4 Kent, 8, 9 ; *Leonard v. Burr*, 18 N. Y. 98. Nor is it inconsistent with the *habendum* clause, or the covenant of warranty, which must be construed with reference to the previous limitation (*Foxcroft v. Mallett*, 4 How. [U. S.] 353, 374) ; or if they are consistent, the latter must give way. 2 Black. Com. 381.

2. The doctrine, that there can be no remainder after a qualified fee, because it would.be void from the implied power given to the first grantee to dispose of the whole estate, cannot apply to this case, because the defendant alone never had the power to dispose of the whole estate. She and her husband could have done it. But he in fact was seized of the whole, and had a life estate in it. *Bennett v. Child*, 19 Wis. 363 ; 19 Wend. 178, 179. Each took a contingent or qualified fee, subject to be defeated by the other surviving him or her. The conditional limitation gives him the benefit of another contingency, which, if it happen, gives him an absolute estate, and stands in lieu of, or ends the former contingency. Fearne, 373. The deed does not mount a fee upon a fee, but simply adds another con-

* Section 27, chapter 83, R. S. 1858, is as follows : " A remainder may be limited on a contingency which, in case it should happen, will operate to abridge or determine the precedent estate ; and every such remainder shall be construed a conditional limitation, and shall have the same effect as such a limitation would have by law."

tingency to that fixed by law in a deed to husband and wife, in favor of its vesting an absolute title in the husband, and against its vesting an absolute title in the wife.

3. While the authorities show that at common law a fee unqualified and absolute could not be mounted upon a fee, they clearly lay down the doctrine that this could be done by way of conveyances for uses and trusts, or by trust-deeds, and by devise. Fearne, 272–274. A fair interpretation of §§ 3 and 5, ch. 57, R. S. 1849, is, that they authorize all to be done by a conveyance or devise directly to the parties interested (or the *cestui que trusts* in cases of passive trusts) that could be done before by a conveyance or devise in trust. See *Knight v. Weatherwax,* 7 Paige, 184 ; *Rawson v. Lampman,* 1 Seld. 460 9 Barb. 516 ; 4 Denio, 385 ; 30 N. Y. 174.

4. Although the defendant herself is estopped by the record in the divorce case, from pretending that she did not leave her husband without just cause of divorce, still her claim is a cloud upon the title, because the estoppel does not follow the land into the hands of an innocent purchaser, the title to the land not having been directly in controversy in that suit. *Adams v. Barnes,* 17 Mass. 365 ; Swift on Ev. 171.

*Carpenter & Cogswell,* for respondent :

1. The condition in the deed is merely nominal, and must, therefore, be disregarded. R. S. chap. 83, § 46. It does not evince any intention of actual and substantial benefit to him. If she lived with him merely on account of this condition, it would probably be a detriment to him rather than a benefit. 2. The *habendum* gives the estate to the husband and wife in fee simple, and as between them must control. Greenl. Cruise, Book 4, § 84 ; 3 Cranch C. C. 242. 3. The delivery of the deed vested the whole title in fee forever in the plaintiff and defendant, and they became seized in fee simple as joint tenants, or tenants by entireties ; and it makes no difference which, so far as their rights in this action are involved. 5 Wis. 95 ; 19

id. 362; 1 Washb. R. P. 406, 407, 410; 4 Kent, 357–362, and note (c) on latter page. They hold by the same deed, and the estate must be of the same *duration*, nature and quality of interest. 4 Kent, 356; 1 Prest. 131. 4. The condition is repugnant to the nature of the estate granted, and therefore void. 4 Kent, 130; 1 Hilliard on R. P. 369, 370, and authorities there cited; Greenl. Cruise, book 2, pp. 6, 7; 2 Coke Litt. 204 a; Shep. Touch. 127, 128; Prest. on Est. 47–53, 57. 5. Counsel further contended, that this was not a conveyance limiting a remainder upon a contingency, under § 27, chap. 83, R. S., because no remainder can be limited after the fee is granted; and they cited 2 Washb. R. P. 220, 222, 225; Greenl. Cruise, Book 4, p. 307, § 26, and p. 224, §§ 9, 10; 1 Inst. 143 a; 1 Fearne on Rem. 1–14, and note (h), 371, 373; 1 Prest. 421, 475. 6. If the estate granted is not a fee simple, but a " base fee," then, on the happening of the event which determines the estate, it *reverts to the grantor*. 2 Blacks. *109; 4 Kent, *9, 10. 7. If the condition has any effect, it is as a *forfeiture*. Equity will never aid any party to secure a forfeiture. 2 Story's Eq. Jur. and authorities there cited.

COLE, J. 1. What effect must be given to the deed referred to in the complaint? It is a deed from Cox and wife, as parties of the first part, to the defendant, party of the second part together with the plaintiff, upon the conditions thereinafter mentioned. After the description of the land conveyed, occurs the following clause, which creates the difficulty in determining the nature and quality of the estate granted : " This indenture is made to the aforesaid *Miranda A. Smith* on condition that she shall continue to live with the aforesaid *Uriel B. Smith*, her husband (unless she shall hereafter have good cause for divorce), and further, on condition, if the said *Uriel B. Smith* shall survive the said *Miranda A. Smith*, or she shall not continue to live with her said husband, *Uriel B. Smith*, as afore-

said, then, and in either case, the aforesaid described land shall vest in fee in said *Uriel B. Smith*, his heirs and assigns forever."

It is claimed by the plaintiff that this condition in the deed is valid, being what in the books is termed a conditional limitation; that the grant being to a husband and wife, each separately takes a fee in the land subject to be defeated by the other surviving him or her; and further, in case of the wife, the estate to terminate whenever she should cease to live with her husband, not having good cause for divorce; and that, as it appears, from the allegations of the complaint, that the wife has ceased to live with the plaintiff, not having any cause for a divorce from him, the contingency has happened upon which, by the limitations in the deed, the entire estate vests absolutely in the plaintiff. It appears to us that this is a correct view of the effect of the deed. It is admitted, that, in a conveyance of land to husband and wife, they are both seized, during their joint lives, of the entirety; that neither of them can alien so as to bind the other; and that the survivor takes the whole estate. But in this deed there was another event, besides death, which was to determine the estate of the wife; and that was, if the wife should cease to live with her husband, not having a good cause for a divorce. The interest granted to her was confined to that period, and this was *its* limitation, both being alive.

There is much subtle learning in the books in regard to the distinction between conditions and limitations in deeds; so much so, that it is sometimes difficult to determine whether the words used are words of condition, making the estate voidable, or words of limitation, making the estate to cease. In Prof. GREENLEAF's edition of Cruise on Real Property, title 13, chapter 2, section 64, the author says: "Lord COKE mentions a distinction between a condition that defeats an estate, but requires a re-entry, and a limitation which determines the estate *ipso facto*, without entry. Of the first sort, it has been

shown that a stranger cannot take advantage; but of limitations it is otherwise, as if a man makes a lease *quousque*, that is, until J. S. returns from Rome; the lessor grants over the reversion to a stranger; J. S. returns from Rome; the grantee of the reversion may take advantage of the return of J. S., and enter, because the estate was determined by an express limitation." In the editor's note "1" to this section the different estates are distinguished in the following clear manner:

"A *condition* is something inserted for the benefit of the grantor; giving him the *power*, on default of performance, to destroy the estate if he will, and *revest* the estate in himself or his heirs. As the law does not *presume* forfeiture, it requires some express act of the grantor, as evidence of his intent to reclaim the estate, viz., an entry."

"A limitation is conclusive of the time of continuance, and of the extent of the estate granted, and beyond which it is declared at its creation not to be intended to continue. Conditions render the estate voidable, by entry. Limitations render it void, without entry. If, upon failure of that upon which the estate is made to depend, no matter how expressed in the deed, the land is to go to a third person, this is a limitation over, and not a condition. For if a condition, an entry by the grantor would be necessary; and he might defeat the limitation by neglecting to enter. A limitation is imperative, and is determined by the rules of law. A condition not only depends on the option of the grantor, but is also controlled by equity, if the grantor attempts to make an inequitable use of it. The performance of a condition is excused by the act of God, or of the law, or of the party for whose benefit it was made. A limitation determines the estate absolutely, whatever be its nature."

See also 11 American Jurist, page 42, for an instructive article on this branch of the law.

Chancellor KENT says: "A conditional limitation is of a

mixed nature, and partakes of a condition and a limitation; as if an estate be limited to A. for life, provided that when C. returns from Rome it shall thenceforth remain to the use of B. in fee; it partakes of the nature of a condition, inasmuch as it defeats the estate previously limited; and is so far a limitation, and to be distinguished from a condition; that upon the contingency taking place, the estate passes to the stranger without entry, contrary to the maxim of law, that a stranger cannot take advantage of a condition broken." 4 Kent, *128.

Now, in the light of these principles, it seems to us clear that the clause in this deed must be regarded as a conditional limitation. The estate was granted to the wife on condition that she should continue to live with her husband, and was to expire and vest in her husband whenever she should cease to live with him, unless she had good cause for a divorce. The vesting of the entire estate in the husband does not depend upon the election of the grantor to enter; but, by force of the condition itself, the land goes to him on the happening of the contingency. *Batty v. Hopkins*, 6 R. I. 443.

It is said that these conditional limitations were not valid at common law in the old conveyances. "There appears, however," says Mr. BUTLER, in his note to Fearne on Remainders, p. 382, "some reason to suppose that, though conditional limitations were legally void, they were allowed in the modification of uses while uses remained in their fiduciary state at the common law." And he adds that "after the passing of the statute of the 27 of Henry VIII, which converted uses from their fiduciary state at the common law into legal estates, it became incumbent on the courts to determine what effect that statute should have in respect to the executory limitations under consideration. When the case was first pressed on the courts, it should seem to have been necessary for them to consider whether the statute executed any modification of property made through the medium of uses which the courts of law

would have held illegal, if they had been made of lands themselves in conveyances at common law. So far as respects the modifications of property in question, the courts held them to be executed by the statute, and thus made them a part of the English law of real property." These conditional limitations in deeds, therefore, are valid, and it is perfectly clear from the language here employed, that the intention was that the estate of the wife should determine and vest in her husband, when she should cease to live with him, unless she had good cause of divorce.

It is said that this condition annexed to the grant was merely nominal, evincing no intention of actual and substantial benefit to the party to whom, or in whose favor it was to be performed, and should be wholly disregarded, and a failure to perform the same cannot operate as a forfeiture of the lands conveyed subject thereto. Ch. 56, § 46, R. S. 1849. The parties, however, saw fit to insert this condition in the deed, and it is presumably for the advantage of the husband that his wife should continue to live with him. It therefore cannot be disregarded, as suggested.

2. It remains to consider whether the plaintiff was entitled to maintain the action to remove the deed, so far as it may concern the defendant, because it constitutes a cloud upon the plaintiff's title. Her estate has expired and become vested in the plaintiff. The deed, so far as respects the defendant, though once vesting in her a title, yet, by the happening of the contingency, has become a nullity. Under these circumstances a court of equity will interpose, and decree a cancellation of the instrument. Cases occur, says Mr. Justice STORY, where a deed or other instrument, originally valid, has, by subsequent events, such as by a satisfaction or payment, or other extinguishment of it, legal or equitable, become *functus officio;* and yet its existence may be either a cloud upon the title of the other party or subject him to the danger of some future

litigation when the facts are no longer capable of proof or have become involved in the obscurities of time. Courts interpose in these cases, although the deed or other instrument has become a nullity. Eq. Jur. § 705. That the defendant has deserted her husband, and that she had no just cause for so doing, are extrinsic facts, not appearing upon the face of the deed. And although it is alleged in the complaint that the plaintiff has obtained a divorce from the defendant on the ground of her willful desertion, it is evident that her claim under this deed must embarrass him in the disposition of the land, and really constitutes a cloud upon his title. See *Hotchkiss v. Elting*, 36 Barb. 38.

For these reasons we think the complaint stated a good cause of action, and that the demurrer was improperly sustained.

*By the Court.* — The judgment of the circuit court dismissing the complaint, is reversed, and the cause remanded for further proceedings.