# Borst *v.* Simpson.

*Bill in Equity for Cancellation of Deed as Cloud on Title.*

1. *Conveyance with condition precedent.*—Under a conveyance of lands on the recited consideration of one dollar in hand paid, to have and to hold to the grantees, their heirs and assigns, "upon the following conditions only: the estate herein conveyed shall not vest in them, their heirs or assigns, until and unless he or they shall pay," on or before a specified day, a specified sum to the grantor, "upon the happening of which condition the estate herein conveyed shall become absolute; but, if said money shall not be paid on or before said date, then this instrument to become null and void, and all rights thereunder shall cease and determine,"—payment on or before the

[Borst v. Simpson.]

day named is a condition precedent to the vesting of any estate, and time is made an essential part of the contract.

2. *Waiver of condition precedent.*—Waiver of performance of a condition precedent is necessarily implied, when the party entitled to claim performance prevents the fulfillment of the condition, or absolutely refuses performance on his part; but there must be a distinct and unequivocal, absolute refusal, and it must be treated and acted on as such by the other party; and where the grantor in a conveyance of lands, under which the vesting of any estate is made to depend on the payment of a specified sum on or before a day named, notifies the grantee before that day that, considering it as conferring an option only, he withdraws the option and all propositions conta'ned in the deed, this does not amount to a waiver of performance, nor justify the grantee in failing to make or tender payment on or before the day specified, if he continues to assert rights under the deed.

3. *Option to purchase lands, and revocation thereof.*—An option to purchase lands, given without consideration, though in writing, is revocable at any time before performance, or acceptance by an offer to perform; and its revocation terminates all rights and privileges under it.

4. *Cancellation of deed as cloud on title.*—A court of equity will not decree the cancellation of a written instrument which is void on its face; but, when the instrument, in the form of a conveyance on condition precedent, has been recorded by the grantee, and he is asserting rights under it, though no estate ever vested in him because the condition was never performed, these facts resting on extraneous evidence, the court will decree a cancellation at the instance of the grantor.

APPEAL from the Chancery Court of Lauderdale.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 27th June, 1889, by Mrs. Mattie C. Simpson, the wife of R. T. Simpson, against J. W. Borst and S. J. Graham; and sought the cancellation of a conveyance which the complainant and her husband had executed to the defendants, as a cloud on the complainant's title to the lands. Borst, who alone defended the suit, filed a demurrer to the bill; and the decree overruling his demurrer is here assigned as error. The material facts are stated in the opinion of the court.

J. B. MOORE, for appellant.

SIMPSON & JONES, *contra*.

CLOPTON, J.—The appeal is taken from a decree overruling a demurrer to the bill, by which appellee seeks to obtain the delivery and cancellation of a conveyance of lands, made by herself and husband to appellants, November 15, 1888. The language of the deed is: "For and in consideratinn of the sum of one dollar cash in hand paid, the receipt whereof is hereby acknowledged, we, S. T. Simpson and Mattie C. Simpson, of Lauderdale county, Ala., have granted, bargained and

sold, and by these presents do grant, bargain and sell, unto J. W. Borst and S. J. Graham, the following lands in Lauderdale county, Alabama," describing them; "to have and to hold unto (them), their heirs and assigns forever, upon the following conditions only, to-wit: The estate herein conveyed shall not vest in said (parties, their) heirs or assigns, until, and unless, he or they shall, on or before the first day of May, 1889, pay to said R. T. Simpson and M. C. Simpson $20,925, or shall, on or before the 1st day of January, 1889, pay to R. T. Simpson and M. C. Simpson the sum of twenty thousand dollars; . . . . upon the happening of which condition, the estate herein conveyed shall become absolute. But, if such money shall not be paid on or before said dates, then this instrument to become null and void, and all rights thereunder shall cease and determine." By the express terms of the deed, the condition of payment is a condition precedent to vesting the estate, and time is made an essential part of the contract. Language could not be more explicit. No estate did or could pass or vest, unless there was performance on one or the other of the days named.— *Tenn. & Coosa R. R. Co. v. East Ala. Railway Co.*, 73 Ala. 426.

The bill was filed in June, 1889. It avers that defendants have not paid or tendered any money, and have made no offer to take the property according to the terms of the instrument. Defendants contend, that the averments of the bill show that performance by them was prevented by the act of complainant, in repudiating the contract and revoking the instrument. It appears from the bill, that complainant and her husband notified the defendants in writing, March 15, 1889, that they revoked the option given by the instrument, and withdrew all propositions therein contained. A waiver of the necessity of performance of a condition precedent in contracts is implied, when the party entitled to performance prevents the fulfilment of the condition, or absolutely refuses performance. "But a mere assertion that the party will be unable, or will refuse to perform the contract, is not sufficient; it must be a distinct and unequivocal, absolute refusal to perform the promise, and must be treated and acted upon as such by the party to whom the promise was made; for, if he afterwards continue to urge or demand compliance with the contract, it is plain that he does not understand it to be at an end."—2 Benj. Sales, § 860. The notice was not an absolute refusal, though it may be implied that complainant would refuse to receive payment if tendered; it disclosed on its face that complainant regarded the instrument as reserving to defendants a mere option to buy. The revocation, if unauthorized, could not have affected

[Borst v. Simpson.]

the validity of the conveyance, or have impaired any rights of the grantees. By fulfilling the condition, the estate would have vested, notwithstanding the act of complainant.

It is difficult to see how an act which is ineffectual, and which would not have benefitted complainant, nor have injured defendants, could have legally operated to prevent performance—that is, to have rendered performance impossible. If the instrument be revocable in its nature, as defendants contend, the revocation itself did not constitute the condition impossible, so as to release defendants from the duty of fulfilling it, or at least of offering to do so.—*Brooklyn Life Ins. Co. v. Bledsoe*, 52 Ala. 538.

But, is such the character of the contract? It appears from the bill that complainant made the revocation, deeming the conveyance a mere proposition to sell without consideration. The bill alleges that no consideration was paid; and there existing no obligation, or promise on the part of the grantees, to pay the agreed price, the instrument, though in form a conditional conveyance, can not be distinguishable in principle from an offer to sell, reserving to the other parties, without consideration, the privilege to buy or not to buy at their option. Such being the nature of the contract, the proposition was revocable at any time before performance of the condition, or acceptance by an offer to perform, and the revocation terminated all the rights and privileges of the grantees.— *Wilks v. Ga. Pac. Railway Co.*, 79 Ala. 180.

Defendants further contend, that if the conveyance is a mere offer to sell, coupled with an option which has been revoked, or, if irrevocable, the condition not having been performed, it casts no shade upon the title of complainant. While a court of equity will not intervene to remove, as a cloud on the title, a deed void on its face, or when there is a mere apprehension of a suit, or the mere assertion of a hostile title, it will intervene where the inherent defect, which renders a conveyance invalid, can be made apparent by extrinsic evidence only. The jurisdiction is "protective and preventive;" and will be exercised whenever the deed may be injuriously used against the party complaining, when the evidence to impeach it may be lost. Justice Story observes: "Cases also may occur, where a deed, or other instrument, originally valid, has, by subsequent events, such as by satisfaction or payment, or other extinguishment of it, legal or equitable, become *functus officio;* and yet its existence may be either a cloud upon the title of the other party, or subject him to the danger of some future litigation, when the facts are no longer capable of complete proof, or have become involved in the obscurities

of time."—1 Story Eq. Jur. § 705. The bill avers that the conveyance has been recorded in the office of the judge of probate, and is in the possession of the defendant Borst; that he is claiming an interest under it, and has taken special pains to so state to persons who were contemplating the purchase of the land, or a part thereof, thus preventing complainant from disposing of the property. Neither the revocation, nor the non-performance of the condtiion, appears on the face of the deed. The grant has become a nullity. Having been spread on the records, and being in possession of the grantees, the deed exposes complainant to future litigation, and embarrasses the future disposition of the property. It is inequitable and against conscience, if the averments of the bill be true, that the grantees should retain the conveyance for a sinister purpose. In such case, the court will decree its delivery and cancellation.—*Smith v. Saville*, 23 Wis. 176; *Larmon v. Jordan*, 56 Ill. 204.

Affirmed.