# Stewart *v.* Stewart, *et al.*

## Bill to Annul Deed and for Sale of Land for Division.

(Decided Feb. 9, 1911.   54 South. 604.)

1. *Deeds; Validity; Fraud.*—To defeat a deed on the grounds of fraud in its procurement, the fraud must be established by clear and convincing proof.

2. *Same; Consideration of Recital.*—Where a deed is in form one of bargain and sale with covenants of general warranty, and recites a consideration of the sum of $_____ Dollars, it is valid, and though the consideration is only nominal, and in fact not paid, it estops the grantor from disputing the operation and effect of the deed in the absence of fraud or mistake.

APPEAL from DeKalb Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by A. J. Stewart and others, against R. A. Stewart to annul a deed, and to sell land for division. From a decree for complainant respondents appeal. Reversed and rendered.

ISBELL & PRESSLEY, for appellant. As to the undue influence that will avoid a deed, see.—*Knox v. Knox,* 95 Ala. 395; *Bancroft v. Otis,* 91 Ala. 290; *Adair v. Craig,* 135 Ala. 332. As to the fraud that will avoid a deed and the proof required, see.—*Johnson v. Rogers,* 112 Ala. 576; 96 Ala. 127; 93 Ala. 97; 87 Ala. 357; 84 Ala. 256; 50 Ia. 687; 13 Cyc. 580; 29 A. & E. Enc. of Law, 103. The court erred in holding the deed void.—*McHugh v. O'Connor,* 91 Ala. 243; *Jones v. Weakley,* 99 Ala. 441; 20 Cyc. 1193; 14 A. & E. Enc. of Law, 1009.

HOWARD & HUNT, for appellee. Where by fraud, fraudulent misrepresentation or concealment, the execution of a deed is procured by one standing in confidential relations with the grantor, the instrument may be

avoided.—13 Cyc. 582. It may be avoided because of a misrepresentation of a material fact on which the other had a right to rely.—*Thweatt v. McLeod,* 56 Ala. 375; *Johnson v. Rogers,* 112 Ala. 578; *Chambers v. Cook,* 42 Ala. 171.

SOMERVILLE, J.—In January, 1908, Nancy C. Stewart died intestate, and her estate descended to her eight children, A. J. Stewart, T. L. Stewart, Georgia Walls, Mollie Smith, Sara Cabanis, Ed Stewart, Will Stewart, and R. E. Stewart. On March 14, 1908, A. J. Stewart, T. L. Stewart, W. L. (Will) Stewart, and S. E. (Sara) Cabanis, conveyed their several interests in the tract of land here concerned to their brother, R. E. Stewart.

The bill of complaint was filed on May 2, 1908, by the seven first named parties, against R. E. Stewart, and avers that A. J. and T. L. Stewart were induced to execute the said deed to R. E. Stewart by reason of his false and fraudulent representation to them that the said Georgia Walls "had agreed to convey, or would convey," to him her interest also, and that, by reason of this fraud, and also because it was without consideration, the deed in question was void and of no effect. The prayer of the bill seeks the annulment of the deed, and a sale of the land for division among the joint owners, who, the bill alleges, are the complainants and the respondent.

The decree of the chancellor annuls the deed on the ground that it was void as to A. J. and T. L. Stewart for want of a consideration, orders a sale of the land for division, and apportions to complainants, A. J. Stewart, T. L. Stewart, Ed Stewart, Georgia Walls, and Mollie Smith a one-eighth interest each, and to R. E. Stewart a three-eighths interest. The annulment of the deed,

whereby A. J. and T. L. Stewart are restored to their former ownership, and respondent's distributive interest reduced to three-eighths, is assigned as error.

In order to defeat the deed in question for fraud, the charge of fraud must be established by proof that is clear and convincing.—*Dean v. Oliver,* 131 9Ia. 634. 30 South. 865. We have examined with critical care the testimony bearing upon this issue, and, considered as a whole, it falls very far short of satisfying us, either that there was any fraudulent statement by respondent, or that it was materially a controlling inducement to the execution of the deed by complainants. Indeed, we are reasonably satisfied, from the evidence before us, that the controlling inducement thereto, was as stated on cross-examination by the complainant A. J. Stewart, "because he [the grantee] had been there with father and mother until their death and I thought he ought to have more than the others, and because he said he thought the others were going to give their interests." And, although the complainant T. L. Stewart testified that his grant was induced by respondent's statement to him that the others would also sign the deed, he is strongly contradicted as to this by the witness W. T. Chappell, as well as by the respondent.

We do not understand that the chancellor, in decreeing the annulment of the deed, was influenced by the charge or proof of fraud. On the contrary, his action is based on the theory that the deed is void for want of consideration. The deed is in form one of bargain and sale, with covenants of general warranty, "In consideration of the sum of ——— dollars, to them paid by the party of the second part." In such a deed it is not necessary to state the amount of the consideration, in order to make it valid and operate as a transfer of the title.—13 Cyc. 541, 542, citing *Lowry v. Harvard,* 35

Ind. 170, 9 Am. Rep. 676, and other cases. Obviously, the recital quoted imports the payment of not less than $2. It is therefore a valuable consideration, and though only nominal, and in fact not paid, it conclusively estops the grantors, in the absence of fraud or mistake, from disputing the operation and effect of the deed, whether in law or equity.—*Ohmer v. Boyer*, 89 Ala. 273, 278, 7 South. 663.

It results that no sufficient ground has been shown for the annulment of the deed under which the respondent claims the several interests of A. J. and T. L. Stewart, and the chancellor erred in decreeing that they are entitled to any share in the proceeds of the lands, and that the respondent is not entitled to five-eighths thereof.

Let the decree of the chancellor be reversed, and a decree entered in accordance with the foregoing conclusions.

Reversed and rendered.

Dowdell, C. J., and Anderson and Sayre, JJ., concur.