[Bethea, et al. v. McCullough.]  ·

# Bethea, *et al. v.* McCullough.

### Specific Performance.

(Decided November 4, 1915.   Rehearing denied January 20, 1916.
70 South. 680.)

1. **Deeds; Construction; Conditions.**—Where the deed recited a considera-
tion of one dollar, the receipt of which was acknowledged, and granted, bar-
gained, sold and conveyed described real estate, and it was further under-
stood therein that the grantee should have thirty days from date to pay a
further sum of $1,000.00, and it was stipulated that if payment should not
be made, the conveyance should be no longer of any effect, and it was prop-
erly witnessed, title passed notwithstanding the condition, although it made
it purely optional whether the grantee should pay the consideration.

2. **Same; Grants; Parol Evidence.**—A grant upon a condition to be ful-
filled in the future whether precedent or subsequent, is a present grant, and
its effect cannot be altered by parol evidence.

3. **Deeds; Attestation; Fraud.**—A conveyance not witnessed or acknowl-
edged as required by the statute so as to pass legal title, but which was such
that legal title would have passed if it had been witnessed and acknowl-
edged, was not obnoxious to the statute of frauds, but the equitable title to
the property passed thereby.

4. **Vendor and Purchaser; Option; Construction.**—Where the considera-
tion is adequate, and the contract is unaffected by fraud, mistake or duress,
a deed containing an option was as absolute and binding as if there had been
no option where the purchaser elected to take and paid the consideration.

5. **Same; Bona Fide Purchaser; Notice.**—One who secures an option con-
tract for the purchase of land with knowledge of a prior option, acquires no
rights unless his vendor has the right to revoke the prior option.

6. **Same; Contracts; Option.**—Being simply a contract whereby the
owner of property agrees with another that he shall have the right to buy it
at a fixed price within a given time, an option is valid although supported by
a merely nominal consideration.

7. **Same.**—Where an option contract for the sale of land recited the pay-
ment of one dollar as a consideration, the vendor is entitled to recovery if
the sum has not been paid, but the purchaser electing to take the land is
estopped from denying payment and revoking the contract.

8. **Deeds; Curative Deed.**—Where title to land passed under a contract
authorizing the grantee to pay the consideration in the future, and providing
for forfeiture in case of non payment, the subsequent execution of a reg-
ular deed together with the execution of an instrumnt reciting receipt of
payment does not affect the grantee's right, and he may assert such rights
passing under the original instrument, although another's rights intervened
between the execution of the original instrument and that of the deed.

APPEAL from Montgomery Chancery Court.
Heard before Hon. W. R. CHAPMAN.

[Bethea, et al. v. McCullough.]

Bill by T. L. McCullough against T. B. Bethea and others, for a specific performance. Decree for complainant, and respondents appeal. Reversed and rendered.

HILL, HILL, WHITING & STERN, and A. B. FOSTER, for appellant. BALL & SAMFORD, and J. M. CHILTON, for appellee.

SAYRE, J.—The bill in this cause, filed by the appellee, McCullough, against the appellants, T. B. Methea and J. M. and H. J. Harris, sought a decree requiring said appellants, defendants, to convey to complainant all the right, title, and interest claimed by them in a certain large tract of land in Montgomery county. The theory of the bill is that defendants acquired the legal title to the land with knowledge or notice of the prior equity of complainant under written agreements for the sale of the land to him into which he had entered with William and Fox McCullough, who had taken the land in equal undivided moieties by devise from C. C. McCullough, deceased, and that complainant was entitled to specific performance of these contracts. The Harrises were bought in on the ground that they had purchased interests from defendant Bethea. William and Fox McCullough were also made parties defendant, and they have confessed the bill; but there was and could be, under the facts to be stated, no decree against them; and hence they have not been joined in the appeal. In the court below complainant was given relief according to the prayer of his bill, and from the decree the defendants Bethea and the Harrises have prosecuted this appeal.

The agreement under which complainant claims purports to have been executed by William and Fox McCullough, severally, on December 8, 1913. Before that, on November 21, 1913, William McCullough executed and delivered to defendant Bethea an instrument in words and figures as follows: "This indenture made and entered into this the 21st day of November, 1913, between W. M. McCullough, of the first part, and T. B. Bethea, of the second part, witnesseth: That the party of the first part, for and in consideration of the sum of $1.00 to me paid by the party of the second part, the receipt whereof is hereby acknowledged, and for the further consideration hereinafter named, do hereby grant, bargain, sell, and convey unto said party of the second part the following described real estate, to wit: As described in the abstract of title of the McCullough lands in Montgomery

county, as per abstract. And it is further understood that the party of the second part assumes all liability of the rent of the Jordan place, in Montgomery county, if forfeited, the McCullough lands is to be reserved to the said J. Smith, and it is further understood that the said T. B. Bethea is to make his commissions over and above the thousand dollars, and the said party of the first part will forever warrant and defend the title of the said land from the lawful claims of all persons.

"The further consideration above named is this: That said party of the second part is to have thirty days from the date hereof to pay said party of the first part the further sum of one thousand dollars, being half of the undivided interest of the McCullough lands as described in this abstract. And it is agreed as a part of this instrument that, if said payment is not made within said time, then this conveyance to be no longer of any effect, but, if said payment is so made, then this conveyance is binding from the date hereof. The making of said payment is optional with the party of the second part, and he is not to be liable in any manner if he elects not to make said payment.

"In testimony whereof we have hereunto set my hand and seal the day and date as above.

"Wm. McCullough. [L. S.]

"Attest: V. E. Gerald."

Three days later—that is, on November 24th—Fox McCullough executed an instrument in all respects identical with the foregoing, except that it was not attested by a witness. Neither instrument was acknowledged.

Within the time limited by the foregoing instruments for the payment of $1,000 defendant Bethea filed his bill in chancery at Montgomery against William McCullough, averring, to state the matter in a few words, that he had made a tender of the said sum, renewing the tender, and praying for a decree which would declare him to be the owner of the one-half interest which formerly belonged to the defendant in that bill and require said defendant to execute a deed thereto. It resulted that William McCullough on January 12, 1914, received $1,200, which sum he demanded, and, on Bethea's request, executed and delivered to him and J. M. Harris an unconditional deed, after which the bill was dismissed according to agreement. Defendant in this cause testified that on December 18th he paid Fox McCullough

[Bethea, et al. v. McCullough.]

the sum of $1,000 and received a deed from him. This was not denied.

. The chancellor held as to the William McCullough interest that complainant was a bona fide purchaser for value. There may be other answers to the legal implications of this finding, but it is enough to say that it is not seriously disputed in briefs for appellee, and it is quite clear upon the evidence, that the complainant in this cause took both his contracts with knowledge of facts amply sufficient to put him on notice of Bethea's right under the instruments of November 21st and 24th. The result then turns upon a proper interpretation of those instruments and a correct determination of the nature and extent of the right or title defendant Bethea thereby acquired in the McCullough land.

Defendant appears to have spoken of them at the time of their execution as options, and the chancellor was of opinion that they witnessed contracts that were mere options in legal effect. This conclusion appears to have been considered sufficient to open the way for the further opinion that complainant was free to impeach the considerations recited, and upon the evidence adduced to that end it was found that Fox McCullough had not in fact received the $1 recited as paid in the instrument executed by him on the 24th of November, and so that the option given by him was unsupported by valuable consideration, and for that reason was unenforceable as lacking in mutuality of obligation. In short—and this proposition lies at the root of complainant's entire case—the result of the argument for the decree is that the initial transactions or contracts between Bethea and the McCulloughs, the so-called indentures of November 21st and 24th, constituted mere voluntary executory agreements on the part of the McCulloughs to sell and convey which were revocable by them and unenforceable against them because they imposed no corresponding obligation on the promisee Bethea. One of the involved postulates of this argument is that, notwithstanding the recitals of the instruments, complainant might and did show that the consideration of $1 was not paid, or, if paid, that it was nominal only, and of itself, without other substantial obligations assumed by Bethea, insufficient to support a bill in equity for specific performance.

(1) These contracts did not contemplate any necessity or occasion for other or further conveyance. The one of November

21st, executed by William McCullough with due observance of statutory requirements in cases of the alienation of lands, was a present conveyance of an estate in fee upon condition subsequent; that is, the estate then vested in the grantee, subject to be defeated by his failure to pay.—2 Wash. Real Prop. (6th Ed.) §§ 936, 938, 941; *Wheeler v. Walker,* 2 Conn. 201, 7 Am. Dec. 264; *Langley v. Chapin,* 134 Mass. 82. This construction makes it consistent throughout, while any other would involve inconsistency, and for that reason is to be avoided. Viewing the deed as the parties most likely viewed it, and yet, having necessary regard for the legal effect of its uncontradictable terms, the general intention was that the condition secured the payment of the $1,000; and this substantial effect of the instrument is not impaired by its strict legal operation "for the matter shows that the intent of the feoffor was to have the land, or the money." *Rawson v. Inhabitants of Uxbridge,* 7 Allen (89 Mass.) 125, 83 Am. Dec. 670, nor is it affected by the fact that the grantee might pay or not according to his own election, for the state of the land was executed, though the payment of the money was executory and optional with the grantee. Upon a failure to pay the title would have revested in the grantor upon his re-entry, or a court of equity, at his instance, would have decreed a release to be executed so as to give him absolute protection. In this connection it may be noted, as matter of law, that a condition defeats an estate to which it is annexed only at the instance of him who has a right to enforce it, and until the condition is enforced the estate loses none of its original qualities or incidents (2 Wash. Real Prop. § 951); and, as matter of fact, it may be noted that this conveyance has become absolute by the grantee's fulfillment of the condition, he has paid the sum of $1,000 within the time limited for its payment, or he has done the equivalent of that under the circumstances.

In *Borst v. Simpson,* 90 Ala. 373, 7 South. 814, to which counsel have referred, the contract considered by the court was of a different character. The instrument there contained words of present grant; but the grant was immediately limited and restrained by the condition that the estate should not vest until a stipulated payment should be made within a limited time. The effect of the ruling was that payment according to the contract was a condition precedent to the vesting of any estate what-

ever, that by the express terms of the contract no title passed unless and until payment should be made, and that the grantees had no interest in the land for the reason that they had not fulfilled the condition, nor had they shown any valid excuse for their failure to do so. What else was said in the opinion is of no consequence, but it is explained by the fact that by the terms of the instrument then under consideration no estate did or could vest in advance of payment, whereas in the case now before us there is a formal grant in fee upon a recited valuable consideration presently paid, followed by a stipulation, not that no title should vest, but, in substance, that the title thereby vested should be divested upon a failure to pay the additional consideration. True, the instrument then proceeds to say that, "if said payment is so made, then this conveyance is binding from the date hereof," and upon this clause complainant hangs his argument that the instrument was not binding to any extent or for any purpose until payment should be made, and hence that it witnessed a mere revocable offer to convey. This contention, we think, focuses attention too narrowly upon a single cause, and besides, by a process of negative inference, it reaches the conclusion, which the language of the clause standing alone would by no means require, that the grantor intended that, if payment was not made, then the conveyance should be inoperative from its date. This inference would put the clause out of harmony with the general intent elsewhere expressed, and in particular would conflict with the immediately preceding clause, which meant that, if payment should not be made within the time fixed, then the conveyance though operative to vest title in the meantime, should be defeated. Taking complainant's clause at its face value, without indulging doubtful inversions or translations, it is only another example of the not uncommon use of superfluous language. It merely confirms the grant previously expressed. At best, for complainant the conveyance could only be construed as a grant to be enlarged upon condition precedent, rather than a grant to be defeated upon condition subsequent, a result not to be favored, for the courts, as between conditional estates, are adverse to construing conditions to be precedent where they may be construed as conditions subsequent.—Wash. Real Prop. § 941. Otherwise the payment of the sum of $1,000 would need to be construed as consideration merely, as, indeed, the conveyance

denominates it, in which case it would have no effect as a condition enlarging or defeating the estate granted.

(2) A grant upon condition to be fulfilled in the future, whether precedent or subsequent, is still a present grant, and falls within the influence of the universal rule that as between the parties the legal operation of an instrument as a conveyance, in the absence of any question of fraud, mistake, or duress, cannot be changed or defeated by showing. through the agency of parol evidence that it was voluntary and without valuable consideration.—*Kinnebrew v. Kinnebrew,* 35 Ala. 628. This rule obtains alike in courts of law and equity.—*Stewart v. Stewart,* 171 Ala. 485, 54 South. 604.

(3, 4) The Fox McCullough conveyance of November 24th was neither witnessed nor acknowledged as required by the statute concerning the alienation of lands. Though for that reason insufficient to pass the legal title, the instrument was not obnoxious to the statute of frauds. It evidenced in equity, not only an agreement to convey, but an actual present conveyance upon a valuable consideration, and in equity passed that estate to the grantee, as against the grantor and all privies in estate having notice.—*Goodlett v. Hansell,* 66 Ala. 151. Complainant does not charge that the executory consideration, viz., the sum of $1,000, upon payment of which Bethea was to become liable also for the rent of the Jordan place, was inadequate. He is not in a position to do so with much appeal to the court, because the option upon which he relies was to become executed upon the payment of the sum of $1,000 without any further liability for the rent of the Jordan place, whatever that amounted to. This consideration then being adequate, and the contract between McCullough and Bethea unaffected by fraud, mistake, or duress, all the authorities hold that upon Bethea's election and payment or tender within the time limited the contract became as absolute and binding upon McCullough as if there had been no option.—Waterman, Spec. Perf. § 200; Fry, Spec. Perf. § 291.

(5, 6) Before the expiry of the time within which Bethea was to pay or forfeit his estate complainant got his contract with Fox McCullough. But he had notice of Bethea's contract, so that his equity depends altogether upon the proposition that pending Bethea's option—so for convenience to speak of it in advance of further statement on that subject—Fox McCullough

had the right to revoke, and this for the reason that he had received no consideration for the option, or, at most, a consideration that was nominal only.

This court, speaking·of that class of contracts which are commonly styled options, has quoted and approved the following language from *Ide v. Leister,* 10 Mont. 5, 24 Pac. 695, 24 Am. St. Rep. 17: "An option, originally, is neither a sale nor an agreement to sell. It is simply a contract, by which the owner of property agrees with another person that he shall have the right to buy his property, at a fixed price, within a time certain. He does not sell his land; he does not then agree to sell it; but he does then agree to sell something, viz., the right or privilege to buy at the  *  *  *  option of the other party. The second party gets in præsenti, not lands, or an agreement that he shall have lands, but he does get something of value, that is, the right to call for and receive lands if he elects.  *  *  *  The sale of an option is an executed contract. That is to say, the lands are not sold. The contract is not executed as to them, but the option is as completely sold and transferred in præsenti as a piece of personal property instantly delivered on payment of the price."—*Fulenwider v. Rowan,* 136 Ala. 303, 34 South. 975.

Considering the instrument now before us as an agreement to make such title as the instrument purports to pass in præsenti, the only ground of discrimination between the agreement and an option as thus defined is that, whereas an option contemplates the passing of title in futuro, this instrument witnessed an intention to vest in præsenti, an estate in fee subject to be defeated upon condition. Considering the instrument as evidence of an agreement to convey, as we must for the sole reason that it was not executed with the formality required by statute, it so operated that Fox McCullough must have the land or the money which in truth was to be the consideration for the land. Considered as a contract not presently affecting title, though the parties intended the conveyance of an estate in præsenti upon a consideration that would secure his purchase money to the grantor, yet, since the instrument, for the reason already indicated, did not and could not take effect as a present conveyance, but only as an agreement needing specific performance to pass title, and since the grantee had the option to pay or not, it operated, necessarily it seems to us, as an agreement, made and executed

upon the present valuable consideration of $1 in hand paid, not absolutely to convey upon the consideration already passed, but to convey in the event the party named as grantee should elect to pay a further sum. In other words, the sum of $1 was not the consideration for the land, but for keeping the offer to sell open for the time stipulated, and this of itself constituted a contract, and the offer could not be withdrawn during that time. Recurring then to the definition of an option in *Fulenwider v. Rowan,* and looking to the substance of things, rather than to mere form, we have been unable to settle upon any essential difference between the right of Bethea during the agreed life of his option and that of an optionee, commonly so called, whose contracts courts of equity are accustomed to enforce.

The consideration for the option was nominal. But in *Ross v. Parks,* 93 Ala. 153, 8 South. 368, 11 L. R. A. 148, 30 Am. St. Rep. 47, where a bill was filed in equity for the specific performance of an option contract for the sale of valuable land, the contract reciting the receipt of 50 cents as an advance payment, that nominal sum being the only consideration for the option, the court said that: "If an owner of land in writing gives another an option on it for a valuable consideration, whether adequate or not, agreeing to sell it to him at a fixed price, if accepted within a specified time, it is binding upon the owner, and upon those who purchase from the owner with a knowledge of such agreement."

This is in accord with the modern and better advised rulings of the courts generally. "There must be some consideration for the option to render it more than an offer revocable before acceptance, but the amount of the consideration is generally immaterial."—36 Cyc. 626, where cases are cited, many of which have been consulted. What effect the amount of the consideration may have upon the rights of creditors is a question outside of the present case. The vendor of the option has agreed to it, and as to him and his subsequent vendees with notice it is sufficient.

(7) But it is said that Fox McCullough did not, in fact, receive the dollar. The evidence as to this is in conflict, and this branch of the case may be safely decided without passing upon that dispute. On behalf of defendants the court is called upon, not to execute a sale of the option, for that is an executed con-

tract, but to protect their right, prior to any acquired by complainant, to compel the specific performance of the option itself. If Fox McCullough did not receive the dollar, he has all along been entitled to recover it.—*Lawrence v. McCalmont,* 2 How. 452, 11 L. Ed. 326. The recital of the consideration presently paid by Bethea to McCullough shows a completed contract based upon the mutual assent of the parties.—*Davis v. Wells,* 104 U. S. 167, 26 L. Ed. 686. This recital of the contract, which, as the presently executed sale of an option to buy land, was not offensive to the statute of frauds, estopped him to impeach the obligation of the option by denying receipt of the consideration for its sale.—*Shows v. Steiner, Lobman & Frank,* 175 Ala. 363, 57 South. 700.

(8) As we have already stated, on January 10, 1914, William McCullough executed to Bethea a deed of his interest in the land "for and in consideration of the sum of twelve hundred and 00-100 ($1,200.00) dollars to me in hand paid by T. B. Bethea." It is said for complainant that this was, of course, a new contract, and, having been made with notice of the agreement between William McCullough and complainant, was necessarily subordinate to that agreement. The force of this suggestion depends upon the interpretation of the initial conveyance from William McCullough to complainant. If that had been a mere offer to convey, unsupported by valuable consideration, and Bethea were thus left without evidence of right or title other than the conveyance of January 10, 1914, the conclusion would be sound. But we have stated our opinion that the conveyance of November 21, 1913, vested a present legal, estate in Bethea, and that complainant entered into his agreement with William McCullough having notice of this conveyance, and to that conveyance, and the tender through the chancery court in fulfillment of the condition which enlarged his estate into an absolute fee, the right of Bethea has been traced. Whatever may have been the notion of the parties, the conveyance of January 10th did not create Bethea's estate in the land. It served, however, a useful purpose by eliminating, as between the parties to it, all question as to the fulfillment of the condition. And the proof, without in the least impeaching the legal effect of the instrument, shows this much at least beyond peradventure in respect of the consideration upon which it was executed, that the parties intended it

[Bethea, et al. v. McCullough.]

as a consummation of their first contract in reference to the land. The conveyance of January 10th was executed on that day and acknowledged on the 12th. On the last-named day the grantor executed also a formal instrument in which he acknowledged the receipt of $1,000 as the further consideration provided for in the "option or conveyance" of November 21, 1913; that he had received $1 on the day said "option or conveyance" was executed; and that he had executed a "formal warranty deed" in furtherance of said "conveyance or option." In the same paper, reciting his compliance with his agreement with Bethea for the sale of the land, and his receipt of "the money therefor," he agrees that the cause in the chancery court might be dismissed and the $1,000 deposited as a tender returned to Bethea. Twelve hundred dollars was paid, but there was for that no better reason than that the grantor in the last deed, while recognizing in a way the grantee's right to an absolute fee, saw in the difficulties that had arisen out of his intervening transaction with complainant the means of exacting a larger sum. But he had no right in the land, and on the undisputed facts Bethea might have maintained his bill to clear his title of the cloud cast upon it by the necessity for proof aliunde that he had fulfilled the condition upon which his title was to become absolute.

This disposes of the case on its merits. It appears that the technical right and the general equity is with the appellant defendants. It results that the decree must be reversed. A decree will be here rendered dismissing the bill. Complainant will pay the costs in the court below and on this appeal.

Reversed and rendered.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.