(110 So. 465)

**BARKER v. PINSON et al. (7 Div. 600.)**

(Supreme Court of Alabama. Nov. 26, 1926.)

1. **Deeds 210, 211(3)—Conflicting evidence of fraud and as to consideration held to sustain decision denying cancellation of deed.**

In suit for cancellation of deed claimed to have been obtained for insufficient consideration and by fraud, evidence, which was in conflict, *held* sufficient to sustain decision of court in favor of defendant.

2. **Appeal and error 1011(1)—Trial court's conclusions of fact on conflicting testimony will not be overturned, unless clearly wrong.**

Conclusions of fact by trial court on conflicting evidence will not be disturbed on appeal, unless plainly wrong.

3. **Vendor and purchaser 214(3)—That officer taking acknowledgment was disqualified by relationship did not invalidate deed transferring merely equitable interest, under contract of purchase.**

In suit for cancellation of deed by one who had only equitable title under contract of purchase, that officer taking acknowledgment was disqualified by relationship to defendant did not invalidate conveyance, as simple contract was sufficient to transfer plaintiff's interest.

Appeal from Circuit Court, Calhoun County; R. B. Carr, Judge.

Suit by Ellen Barker against R. T. Pinson and another. Decree for defendants, and plaintiff appeals. Affirmed.

T. C. Sensabaugh, of Anniston, for appellant.

An acknowledgment taken before a daughter of the grantee is voidable. 1 C. J. 808, 810.

Knox, Acker, Sterne & Liles, of Anniston, for appellees.

The appellant having an equity only in the property, and not the legal title, it is not material whether or not the notary was qualified to take the acknowledgment. Bethea v. McCullough, 195 Ala. 480, 70 So. 680.

GARDNER, J. Appellant seeks the cancellation of a deed to a certain house and lot in Hobson City, Ala., executed by her to appellee Pinson, on June 28, 1921. It was complainant's contention that said Pinson obtained the deed to said property for an inadequate consideration, upon actual fraudulent representations made as to the instrument that was being signed. Respondents' testimony is contradictory to that of complainant, both as to the amount of consideration for the deed and as to any fraudulent representations, and he (Pinson) insists the transaction was a fair and open sale, consummated as a result of complainant's voluntary offer and suggestion.

[1, 2] The case presents only a question of proof. We consider a discussion of the evidence unnecessary. It has been carefully considered by the court in consultation and is in irreconcilable conflict upon all material points. The trial court saw and heard the witnesses, and his conclusion of fact will not be overturned, unless this court is convinced it is plainly wrong. Upon due consideration, we conclude that the finding of the trial court should not be here disturbed.

[3] Appellant had no legal title, but only an equitable interest in the property by reason of a contract to sell and convey, upon which there was a balance due. An execution of a deed was therefore not necessary, or that her contract should be acknowledged. While the transaction took the form of a deed, it is to be construed and considered as a contract transferring her equitable right under her contract to purchase. The officer taking the acknowledgment also signed as a witness. It is insisted that the relationship of this officer to the grantee was such as to disqualify her from taking a valid acknowledgment. But the foregoing considerations suffice to show that neither deed nor acknowledgment was essential and that the contract was valid without reference to such acknowledgment. It is to be noted that no question is here presented as to conveyances by a married man of the homestead.

The following authorities sustain the conclusion that the insistence as to the invalidity of the instrument here in question on account of any defect of acknowledgment is without merit. Bethea v. McCullough, 195 Ala. 480, 70 So. 680; Henderson v. Kirkland, 127 Ala. 185, 28 So. 674.

The decree is free from error and will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.