74 So.2d 910

**H. J. YOUNG**

v.

**Bernice D. BLONK et al.**

I Div. 587.

Supreme Court of Alabama.

Oct. 7, 1954.

Geo. E. Stone, Jr., Mobile, for appellant.

Wm. C. Taylor, Mobile, for appellees.

SIMPSON, Justice.

Appeal from a decree overruling demurrer to the cross bill in an in rem proceeding instituted by appellant, complainant, to quiet title to certain realty under the provisions of Art. 2, Chapter 32, Title 7, Code 1940.

The complainant claims title to the property under a deed made to him and his wife, later deceased, from Phillips and wife, which deed contained a survivorship clause providing that upon the death of either of the grantees, then the title should vest in the survivor and his or her heirs and assigns forever.

The facts as developed by the cross bill are: Sometime prior to 1947 the complainant and his wife entered into a contract with the said Phillips and wife to purchase from them the suit property and in the year 1946 the complainant, for valuable consideration, executed an instrument assigning to his wife all his interest in the above-mentioned contract for the purchase of said property, provided he would not be held liable for any more payments for the purchase thereof. But in 1947 and in violation of the 1946 contract, the said complainant took the aforesaid deed of survivorship (his wife now being deceased), through which he claims title to the property—although his wife paid for same, or if he paid anything on the contract of purchase it was by way of a gift to her. Complainant's wife died in 1952, leaving a will antedating the 1947 deed, devising all of her property to respondents. The answer and cross bill denies the title of complainant, alleges the deed from the Phillipses to complainant with the survivorship clause was without consideration and void and in fraud of his wife's rights under the 1946 contract and the respondents' rights by virtue of the will wherein his wife devised the property to them. The cross bill prays for a cancellation of the Phillips deed, for a declaratory judgment as to their rights under the respective instruments mentioned above, and for general relief.

The demurrer was "to the cross-bill * * * and to each and every paragraph thereof." This demurrer was to the cross bill as a whole and if its allegations of fact make a case for equitable relief and contains a proper prayer (here general prayer for relief), it is not demurrable because it prays for unwarranted relief. The demurrer should not be sustained because it seeks relief which the facts do not justify if they are sufficient for some other relief. Smith v. Smith, 251 Ala. 694, 39 So.2d 230; Denton v. Lindler, 231 Ala. 27, 163 So. 334.

Of course, the mere fact, if so, that the 1947 deed from the Phillipses was without consideration did not make it void and subject to cancellation for that reason. Wilfe v. Waller, Ala.Sup., 74 So.2d 451; Stacey v. Walter, 125 Ala. 291, 28 So. 89.

But the cross bill, though "not a model of perspicuity," does contain equity under the facts alleged to warrant a decree of specific performance if satisfactorily proven. The essence of the claim of the cross bill is that the complainant acquired, by the survivorship deed, title to the property in violation of his contract whereby he assigned to his wife his interest in the contract to purchase the land and with knowledge of her equity thereunder and after she had paid for it. If so, and without her knowledge, consent or waiver of her rights thereunder, such a status made a case for specific performance. Simmons v. Henderson, 207 Ala.

692, 93 So. 624; Bethea **v.** McCullough, 195 Ala. 480, 70 So. 680.

 Of course, it need hardly be mentioned that the independent equity which permits the cross bill in this proceeding is affirmative relief by way of specific performance. For analogous cases see Dean v. Griffith, 257 Ala. 67, 57 So.2d 545; Thompson v. Leyden, 222 Ala. 81, 130 So. 780; Manning v. Manning, 203 Ala. 186, 82 So. 436.

And this last-stated principle applies as well to a cross bill in a suit to quiet title under the in rem statute. Ex parte Arrington, 259 Ala. 243, 66 So.2d 96.

We think the demurrer properly overruled.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and CLAYTON, JJ., concur.