The CITY OF EUFAULA, ALABAMA, a
Municipal Corporation, Plaintiff,

v.

Gregory H. PAPPAS et al., Defendants.

Civ. A. No. 1861-N.

United States District Court
M. D. Alabama,
Northern Division.

Jan. 22, 1963.

Archie I. Grubb (of Grubb & Le-Maistre), Eufaula, Ala., for plaintiff.

George B. Azar (of Azar & Campbell), Montgomery, Ala., and Christie G. Pappas, Eufaula, Ala., for defendant Zafero P. Paterson.

JOHNSON, District Judge.

In this case, the City of Eufaula instituted condemnation proceedings in the Probate Court of Barbour County, Alabama, seeking to condemn for public use certain described property in the City of Eufaula, Barbour County, Alabama; said tract which the City is attempting to condemn contains 35.9 acres and is particularly described by the use of distances and degrees in the condemnation complaint. The authority by which the City is proceeding to condemn said land is set out in Title 37 of the Code of Alabama, Recompiled 1958. Insofar as the Probate Court is concerned, the proceedings are authorized in Title 19 of the Alabama Code. In this case, the City commenced its action on October 22, 1962. On November 9, 1962, Zafero P. Paterson, one of the defendants named by the City in the condemnation proceeding, filed her petition for removal of said action from the Probate Court of Barbour County, Alabama, to this court. The removal to this court was upon the theory of diversity and the amount in controversy, with the removing defendant claiming to be a citizen of the State of New Jersey and further claiming that the action by the City of Eufaula as to her is entirely separate and independent from the City's action against the other named defendants. The removing party further claims that she is the sole owner of the fee simple title of the land "a part of which is described in the application for condemnation." On November 26, 1962, the City of Eufaula filed its motion to remand this cause to

the Probate Court of Barbour County, Alabama, and assigns as grounds for remand collusion on the part of the removing defendant and certain other members of her family in order to confer jurisdiction on this court, lack of diversity in that the Alabama Power Company, an Alabama corporation, and the heirs of John Lingard Hunter claim some interest in the tract of land under consideration and are indispensable parties to the action, and that at least six of said heirs are resident citizens of the State of Alabama.

The submission of this matter is upon the pleadings, the testimony taken orally before the Court, and the briefs and arguments of the parties. Upon this submission, it appears, in addition to the facts above recited, that on October 19, 1962, the Pappas Enterprises, Inc., and approximately eleven other members of the Pappas family, all being joint owners and tenants in common of practically all the land being condemned, quitclaimed their interest in said land to Zafero P. Paterson, a daughter and sister of the grantors. It was acknowledged by certain of the grantors, who testified before this Court in the matter, that the reason for the transfer to Zafero P. Paterson was to create diversity and thus confer jurisdiction on this court. It was further acknowledged that there was an understanding between the grantors and Zafero P. Paterson that whatever sum was awarded in this condemnation proceeding, she was to divide it among the grantors in proportion to their respective interests when they made the conveyance to her on October 19, 1962. The evidence further reflected that the transfer was complete, with no power remaining in the grantors to compel a reconveyance to them. The evidence further reflected that the Alabama Power Company has a fifty-foot easement across the property being condemned and that there is located within this easement tract a power line and certain power poles which were erected by and are now being maintained by the Alabama Power Company. The Court further finds that a part of the tract of land being condemned (from ½ to ¾ of an acre) is claimed by the heirs of John Lingard Hunter. The testimony is without dispute that the land claimed by these heirs has not been separated by the condemnors in their condemnation complaint, but could probably be definitely carved out by the taking of testimony and the establishment of land lines. These "Hunter heirs" claim an interest in the property being condemned and claim a share of the money to be awarded as just compensation in this case. As stated above, at least six of these Hunter heirs are citizens of the State of Alabama.

■■ That part of the motion of the City of Eufaula contending that this Court has no jurisdiction because of the collusive transfer by the members of the Pappas family to Zafero P. Paterson is without merit. The theory of the City, in this respect, is based upon Title 28, § 1359, United States Code Annotated, wherein it is stated, "A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." While it is true that the consideration for the transfer to Zafero P. Paterson was the sum of $1, this under the law of Alabama suffices to support the transfer. Crosby v. Baldwin County, 227 Ala. 122, 148 So. 814; Young v. Bloak, 261 Ala. 542, 74 So.2d 910; and Stewart v. Stewart, 171 Ala. 485, 54 So. 604. The movant places much emphasis upon the fact that the deed was collusively made and that after the award Zafero P. Paterson was simply to divide the proceeds according to the former interests of the parties. Such an emphasis is misplaced. In Cross v. Allen, 141 U.S. 528, 12 S.Ct. 67, 35 L.Ed. 843—a foreclosure action where an allegation of collusion for the purpose of conferring jurisdiction was made—diversity, as is true in this instance, was the issue. In that case, in answer to the contention that one of the purposes of the transfer was to confer

jurisdiction on the Federal court, the Supreme Court of the United States stated:

"The transfer of the notes and mortgages having been made for a valuable consideration, and the pecuniary interest of the transferrer in the subject matter of the transfer having thereby terminated, it makes no difference that by such transaction the transferee acquired the advantage of suing in the Federal court. This suit, so far as the record shows, is for the sole and exclusive benefit of the complainant, Allen." See also Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 327, 16 S.Ct. 307, 40 L.Ed. 444.

Thus, law in such instances is clear to the effect that motive in transferring —even the "evil motive" (as it may be considered by some in certain areas in this era) of conferring jurisdiction upon the Federal court—has no bearing on validity of the transfer; therefore, this ground of the motion of the City of Eufaula to remand this case is without merit.

■■ As to the contention on the part of the City of Eufaula that the interest of the Alabama Power Company and the interest of the heirs of John Lingard Hunter are inseparable, and that those parties are necessary and indispensable parties to this condemnation proceeding, thus making certain Alabama citizens indispensable parties and destroying diversity, this Court is of the opinion that said contention is not well taken. According to the evidence in this case, the interest of the Alabama Power Company is well defined. See Pappas v. Alabama Power Company, 270 Ala. 472, 119 So.2d 899. There is no question but that this easement strip is already devoted to public use. In such instances the requirements as to the taking are changed. See § 9, Title 19, Code of Alabama, Recompiled 1958. While the City of Eufaula's application for condemnation of this easement strip does not comply with § 9, such compliance will, of necessity, be required before the proceeding is terminated as to the Power Company. The interest of the heirs of John Lingard Hunter can be definitely determined. In neither instance, the Alabama Power Company nor the heirs of Hunter are tenants in common with Zafero P. Paterson. The most that can be said is that the tract of the Alabama Power Company that is fifty feet wide and runs through the parcel to be condemned and the one-half to three-fourths of an acre tract that is claimed by the heirs of Hunter are adjacent to and adjoin the tract owned by Zafero P. Paterson. In each instance, these tracts are held by different titles and are vested in different persons. Where several distinct tracts are included in one condemnation proceeding, as they appear to be in this case, the owners of each tract, or other party interested therein, are under the law of the State of Alabama entitled to separate hearings, not only as to the amount they are to be awarded but on the question of the right to condemn their lands. See § 8, Title 19, Code of Alabama, Recompiled 1958. Stollenwerck v. Elmore County, 210 Ala. 489, 98 So. 466. See also the case of Alabama Power Co. v. Gregory Hill Gold Mining Co., 5 F.2d 705 (M.D.Ala.1925), where Judge Clayton was faced with a problem identical to that now presented by the interests of the Alabama Power Company and the Hunter heirs. Judge Clayton, in denying the motion to remand, stated:

"[I]t is a general rule that where an action is brought by one plaintiff against several defendants, not because they claim any joint interest or are subject to any joint liability in the action, but merely for convenience, and the cause is capable of being resolved into separate and distinct controversies between the plaintiff and the defendants, it is therefore removable. [Citation omitted.]

"Here it is shown that the lands of the Mining Company are separately described and alleged to belong to such company. And the

timber on such lands is in terms alleged to belong to Finch, a citizen of Alabama. So it may be said that Finch is made one of the defendants in the proceeding, which is not brought against the defendants jointly or jointly and severally, but severally. The Mining Company solely owns, and is interested in, the lands described in the petition as belonging to it. The Mining Company does not own the timber, but Finch does own the timber and no more, as shown by the pleadings. There is no joint or indivisible interest in the land, and there is no joint or indivisible interest in the timber. It is true that while the land is not timber, timber partakes of the nature of realty until it has been severed from the land; but it is also true, since the Mining Company is alleged to be the land-owner and Finch the timber owner, that there has been a sale of the timber or disposition made of it so that there may be said to have been a constructive separation of the timber and the land so far as the rights of the parties to this controversy are concerned."

Thus it appears that the interest of the Alabama Power Company and the interest of the heirs of John Lingard Hunter are each separate and distinct from the interest of Zafero P. Paterson. That being true, the Alabama Power Company and the heirs of Hunter are not necessary and indispensable parties to this action. Thus Zafero P. Paterson has a right to remove to this court her separate and divisible controversy with the City of Eufaula, since she is a citizen of the State of New Jersey, the City of Eufaula is an Alabama corporation, and there is an amount in excess of $10,000 involved in the controversy between them.

For the foregoing reasons, it is the Order, Judgment and Decree of this Court that the motion of the City of Eufaula filed herein on November 26, 1962, seeking to have this Court remand this cause to the Probate Court of Barbour County, Alabama, be and the same is hereby denied.