# Keith *et al.* v. McLaughlin *et al.*

*Bill to set aside a Sale under a Mortgage and to be let in to Redeem.*

1. *Possession of mortgagee and liability for rents; when not shown to hold under color of title.*—Mortgagees who, without a foreclosure, take possession of the mortgaged property before the law day of the mortgage, and appropriate the rents and profits, are not "persons holding possession under color of title in good faith," within the meaning of section 2706 of the Code of 1886, and are not, therefore, exempt from liability for damages or rents, under the statutes, for more than one year before the commencement of the suit.

APPEAL from the Chancery Court of St. Clair.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed by the appellants against the appellees. This is the third appeal in the case, and the facts are substantially the same as shown by the report on the former appeals, found in 99 Ala. 60, and 105 Ala. 339 ; and special reference is here made to the facts as therein set forth. The other facts necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

[Keith *et al.* v. McLaughlin *et al.*]

On the final submission of the cause, on the pleadings and proof, the chancellor decreed that the complainants were entitled to recover in part, as prayed for in their bill, and ordered a reference to the register to make and state an account, ascertaining the amount due on the mortgage debt with interest thereon, charging the same against the complainants, and also the taxes paid by defendants up to one year before the filing of the bill, and also the value of the permanent improvements thereon, not to exceed the value of the annual rents, which shall be a charge to complainants, and also to ascertain a reasonable rental of said lands for one year before the filing of said bill to be credited to said respondents. From this decree the complainants appeal, and assign the rendition thereof as error.

M. M. SMITH, for appellants.—1. It is well settled that a mortgagee who enters into possession of the mortgaged premises before foreclosure, whether before or after the law day of the mortgage, is liable to account to the mortgagor on a bill to redeem for all rents, income and profits, actually received or which by the exercise of proper dilligence he might have received.—2 Jones on Mortgages, 165, § 1114; *Ib.* 168, § 1118; *Ib.* 173, § 1123; *Ib.* 175, § 1124; *Powell v. Williams,* 14 Ala. 76; *Morrow Turney,* 35 Ala. 131; *Dozier v. Mitchell,* 65 Ala. 511; *Turner v. Wilkinson,* 72 Ala. 361; *Sloan v. Frothingham,* 72 Ala. 589; *Lovelace v. Hutchinson,* 106 Ala. 417; *Davis v. Lassiter,* 20 Ala. 561; *Blum v. Mitchell,* 59 Ala. 538; *Toomer v. Randolph,* 60 Ala. 360.

2. A mortgagee, or one holding under him before his foreclosure, holds the property in trust for the mortgagor, and can not repudiate his relation as such.—2 Jones on Mortgages, 170, § 1119; *Turner v. Wilkinson,* 72 Ala. 361; *Strong v. Allen,* 44 Ill. 428. Section 2706 of the Code of 1886 has no application in this case. A mortgagee nor one holding under him can not set up an adverse holding in good faith under color of title before foreclosure, so as to prejudice the rights of the mortgagor.—Authorities *supra. Dozier v. Mitchell,* 65 Ala. 511, is unlike this case.

JOHN W. INZER and R. L. BROOKS, *contra.*—The appellants were not entitled to recover more than one year's

rent of the place before the commencement of the suit. Keith held for more than three years under deed and in good faith. Scott was entitled to Keith's holding, but independent he held for more than three years and in good faith before the commencement of this suit. The facts of the case in hand are very analogous to the case of *Dozier v. Mitchell*, 65 Ala. 511.—Code of 1886, § 2706 ; *Dudley v. Witter*, 46 Ala. 664 ; *Ormand v. Martin*, 37 Ala. 598 ; *Horton v. Sledge*, 29 Ala. 470 ; 2 Jones on Mortgages, §§ 1123, 1128 ; *Abernathy v. Moses*, 73 Ala. 381 ; *Butts v. Broughton*, 72 Ala. 294 ; *Allen v. Kellam*, 69 Ala. 447.

HARALSON, J.—The two former appeals in this case (99 Ala. 60 ; 106 Ala. 339) settle the equities in favor of the complainants below, appellants here. They and their mother are the owners of the equity of redemption, by deed of conveyance from M. D. Goodwin, the mortgagor, given after he executed the mortgage. The attempted foreclosure of mortgage by the mortgagees, — who were the administrators of James Forman, to whom the mortgagor was indebted,—before the law day of the mortgage was inoperative and void as to complainants. The mortgagees, however, before the attempted foreclosure took possession of the premises, and after advertisement, attempted to sell the mortgaged property under the mortgage, on the 4th of February, 1882. Keith bought at this sale, paid the price bid, $1,706, which was $705 more than the mortgage debt, and the mortgagees executed and delivered to Keith a warranty deed of conveyance to the land. He took possession and received the rents and profits until the 12th day of February, 1887, when he sold and conveyed them to T. T. Scott, for $6,100, who immediately took possession, and has continued in possession ever since, receiving rents and profits.

This bill was filed on the 8th of March, 1890, against the original mortgagees, James M. McLaughlin and W. S. Forman, T. T. Scott, and the heirs of law of the said James Forman, proper parties to the bill. Keith was not made a party. Mrs. Malissa D. Sullivan,—who was the wife and widow of Goodwin, deceased, the mortgagor, to whom, with appellants, Goodwin, after his mortgage to McLaughlin and Forman, conveyed the land subject

to his mortgage,—was an original party complainant. The bill was amended by striking her out as a party.

The object of the bill is to redeem the lands attempted to be sold by the mortgagees, and for an account against the mortgagees for rents and profits, to be applied in payment or reduction of the mortgage debt.

But one question is presented on this appeal,—that of the length of time the appellees shall account for rents and profits, before the institution of this suit. Denying their liability to account for rents and profits at all, they set up in their answer, by way of plea, that under section 2706 of the Code of this State, the provisions of which, as alleged, are enforceable in courts of equity as well as courts of law, respondents, nor either of them, in any event, are required to account for rents, income and profits of said lands for a period anterior to the 8th of March, 1889,—one year before the commencement of this suit.

Said section 2706 of the Code provides, that "Persons holding possession under color of title in good faith, are not responsible for damages or rent for more than one year before the commencement of the suit."

It is well settled, that in courts of equity, the theory of a mortgage is, that "until foreclosure, a mortgage is a mere security of a debt, the mortgagor continuing the real owner of the fee," from which results the principle, that a mortgagee in possession of the property mortgaged, before or after default in the payment of the mortgage debt, and before the mortgage has been foreclosed, is a trustee of the mortgagor of the rents and profits, and is bound to apply them in extinguishment of the mortgage debt and that the "reasonable expenditures for taxes, necessary repairs, and other necessary expenses incurred on account of the estate, the mortgagee is allowed to retain from the rents and profits ; and it is the balance only which may be applied in extinguishment of the mortgage debt."—*Davis v. Lassiter*, 20 Ala. 561 ; *Daniel v. Coker*, 70 Ala. 265 ; *Toomer v. Randolph*, 60 Ala. 360 ; *Lovelace v. Hutchinson*, 106 Ala. 422.

We have seen that the mortgagees took possession of this property without a foreclosure, before the law day of the mortgage, and have been in the perception of the rents and profits ever since. The complainants, therefore, as we held on the former appeals, have, under the

[Keith *et al.* v. McLaughlin *et al.*]

allegations of the bill, a clear right to redeem, and to an account for rents and profits.

Said section 2706 of the Code has no application to a case of this character. Mortgagees taking possession before foreclosure, and appropriating rents and profits, are not "persons holding possession under color of title in good faith," who are exempted from responsibility for damages or rents under the statute, for more than one year before the commencement of the suit. A mortgage debt bears interest until paid, and if the mortgagee in possession before foreclosure, is relieved of rents and profits, except for a year before the commencement of the foreclosure suit, on the ground of holding under the color of his mortgage in good faith, the debt and accumulated interest, undiminished by a credit of rents and profits enjoyed by the mortgagee, might often greatly impair, if not destroy what is termed the equity of redemption, giving an unjust advantage in redemption to the mortgagee. One who claims title and has knowledge or notice that another has and claims title superior to his, is not a *bona fide* occupant as to him of superior title.—*Gresham v. Ware*, 79 Ala. 199.

The case of *Dozier v. Mitchell*, 65 Ala. 511, is distinguishable from this case, and does not conflict with what is here decided. In that case, there was a sale under the power in the mortgage, and the mortgagee became the purchaser at his own sale, a transaction not void, as the one here was, against the mortgagor, but voidable merely at his option, seasonably expressed.

The decree of the chancery court was not in conformity with the principles above announced, and it must be reversed, and the cause remanded. The foregoing authorities, and section 1753 of the Code, will furnish proper guides for the taking and stating the account to be ordered.

Reversed and remanded.