[Allen *et al.* v. Riddle.|

# Allen *et al. v.* Riddle.

*Bill in Equity by Creditor to have a Mortgage declared
Null and Void on account of Fraud.*

1. *Building and loan association; when mortgage not an Alabama
   contract.*—When a stockholder in a building and loan associ-
   tion organized under, and having its home office in another
   State. makes application and procures a loan from said asso-
   ciation under its by-laws, rules and regulations, which pro-
   vide that all money due from its members shall be payable at
   the home office, and that all contracts made by and with the
   association shall be deemed to have been made by the home
   office and the bond evidencing said deed and the mortgage
   given to secure the same, and the premiums and interest on
   the loan. are payable at the home office, such contract of loan
   as evidenced by the bond and mortgage is not an Alabama
   contract, but is one to be performed in the State of the resi-
   dence of the building and loan association; and if under the
   laws of that State, said contract is not usurious, it will not
   be so declared in this State, if it is not shown that the con-
   tract was made to be performed in another State as a mere
   pretense or device to avoid the usury laws of this State.
2. *Fraudulent conveyances; burden of proof.*—In a suit by a cred-
   itor, seeking to have a conveyance set aside and annulled,
   upon the ground of fraud, if the payment of a valuable consid-
   eration is shown, the burden is cast upon the complaining
   creditor to prove the existence of a fraudulent intent, and that
   such intent was known to the grantee in the conveyance
   assailed.
3. *Same; fraud must be clearly shown.*—Fraud is never presumed,
   but must be proved by clear and satisfactory evidence by the
   party asserting it; and if the facts and circumstances from
   which the alleged fraud is supposed to arise may reasonably
   consist with honest intentions, it will not be imputed.

APPEAL from the Chancery Court of Morgan.
Heard before the Hon. WM. H. SIMPSON.
The bill in this case was filed by the appellee, Robert
Riddle, as a judgment creditor of J. B. Allen, against

[Allen *et al.* v. Riddle.]

J. B. Allen, Sallie B. Allen, his wife, and the Southern Home Building & Loan Association; and sought to have set aside, cancelled and annulled a mortgage executed by Sallie B. Allen and J. B. Allen to the Southern Home Building & Loan Assn., and to have the land conveyed therein subjected to the payment of complainant's demand; it being alleged in the bill that said lands by the procurement of said James B. Allen, who furnished the purchase money therefor, were conveyed to his wife, Sallie B. Allen.

The amendment of the pleadings, after the remandment of the cause upon a judgment of reversal being rendered by the Supreme Court on a former appeal, and the facts of the case necessary to an understanding of the decision on the present appeal are sufficiently shown in the opinion.

On the final submission of the cause upon the pleadings and proof, the chancellor rendered a decree declaring that the complainant was entitled to the relief prayed for, and declaring that the mortgage given by Sallie B. Allen and her husband, J. B. Allen to the Southern Home Building & Loan Assn. be cancelled and annulled; and ordered accordingly.

From this decree the respondents appeal and assign the rendition thereof as error.

CABANISS & WEEKLEY, for appellants.—1. The place of performance of a contract being in another State and the contract being free from usury, under the laws of that State, must be held to be likewise free from usury by the courts of this State.—*Farmers' Savings & B. & L. Ass'n. v. Kent,* 30 so. Rep. 874, 131 Ala. 246; *Pioneer Savings & Loan Ass'n. v. Nonnenmachér,* 127 Ala. 521; *Hayes v. Southern Home B. & L. Ass'n.* 124 Ala. 663; *Bedford v. Eastern B. & L. Ass'n.,* 181 U. S. 227.

(2.) The common law of foreign State may be shown by the accredited reports of its judicial decisions. *Inge v. Murphy,* 10 Ala. 885; *Cubbedge v. Napier,* 62 Ala. 518; 13 Am. & Eng. Enc. Law, (2d ed.) 1069; *State v. Twitty,* 11 Am. Dec. 785.

[Allen *et al.* v. Riddle.]

(3.) Where the payment of a valuable consideration is shown, the burden is cast upon the complaining creditor to prove the existence of a fraudulent intent, and that such intent was known to the grantee of the conveyance assailed.—*Sheally v. Edwards*, 75 Ala. 411 *Lipscomb r. McClellan*, 72 Ala. 151; *Hodges v. Coleman*, 76 Ala. 103.

E. W. GODBEY, *contra.*—The provision that the rate of interest should be 6 per cent. per annum on the money loaned, together with the stipulation as to the premium that it should be 50 cents per month on each $100.00 borrowed, which was really the same as the interest, gave an important feature of the transaction, a designation which the law would not recognize,—or·sanction. Endlich on B. & L. Association. Secs. 13, 407, 410; *McAulay's case* 37 S. W. 212; *Iowa, etc., Association v. Hewitt*, 77 N. W. 1050-1051; *Meroney's case*, 21 S. E. Rep. 934; *Grdham r. Association*, 52 S. W. 1013; *White r. Williams*, 45, Atl. 1001; *Sheldon's case* 121, Ala. 278,· 25 So. Rep. 823.

(2.) The admission contained in the answer that the loan was actually made in Alabama,·the impossibility of a foreclosure of the mortgage elsewhere than in Alabama; the Alabama acknowledgement; the commencement of negotiating in Alabama; the absence of any provision in the bond that the money should be paid in Atlanta, render this transaction amenable solely to Alabama law.—*N. M. B. & L. Association v. Culberson*, 25 So. Rep. 174;*Harmon v. Hart*, 53, S. W. 315; S. B. & L. Association r. Atkinson, 50 S. W. 170; *L. M. Co. v. Sewell*, 92 Ala. 170; *Ensley v. Lewis*, 25 So. Rep. 731; *Dunn v. Clements*, 2 Ala. 392; *Lewis v. Headley*, 87 Am. Decis. 229.

(3.) The aforesaid provisions of the by-laws were designed to affect the payment of dues, and the relation of a shareholder, *as* a shareholder only.—*Kent case*, 30 So. Rep. 874; *Johnson v. B. & L.*, 28 So. Rep. 6; *Graham r. Association*, 52 S. W..1014.

(4.) The Georgia laws can have no effect here, except upon the principle of comity.—*Weinstein v. Freyer*,

93 Ala. 259; *A. G. S. R. Co. v. Carroll*, 97 Ala. 126. The Georgia decisions of *Stansell v. L. Co.* 96 Ga. 227. (rec. 151-153.) *Martin v. Johnson*, 10 S. E. 1092; *Jackson v. Mortgage Co.*, 15 S. E. 812. (rec. 157), holding a loan of money by an outsider to a Georgia citizen, secured by mortgage executed in Georgia on land there situated, to be solvable according to the laws of Georgia, notwithstanding an express stipulation for being solved according to the laws of another State, destroy any basis for an application of any principle of comity to this case.—*Meroney case*, 21 S. E. 926, 935; *McEwan v. Zimmer*, (Per Cooley, J.) 31, Am. Rep. 333; *Hilton v. Guyot*, 159 U. S. 208; *Usher v. West Jersey R. Co.*, 4 L. R. A. 261, 265; *Finney v. Guy*, 49, L. R. A. 494; *Boulware v. Pitcher*, 53 Ala. 411; 25 Am. Rep. 637; *Castleman v. Jeffries*, 60 Ala. 389; *Donald v. Hewitt*, 33 Ala. 543; *State of Georgia v. Tutty*, 7 L. R. A. 54.

· The foreign origin of this corporation; the occurrence of the transaction with it in Alabama, and the absence of any proof that it had complied with the laws of this jurisdiction relative to a known place of business, render it a wrong doer, and as such, incapable of sustaining its defense· of *bona fide* purchase without notice. *Sullivan v. Vernon*, 121 Ala. 393; *Wailes v. Couch*, 75 Ala. 134, 135.

DOWDELL, J.—When this cause was here on a former appeal, 129 Ala. 562, being then styled as the *Southern Home Building & Loan Association v. Riddle*, the charge of usury in the loan by the Association to Sallie B. Allen, which the mortgage in question was executed by Sallie B. and James B. Allen to secure, was was not denied, the contention by counsel for appellant being that the question of usury was immaterial under the authorities of *Loucheim v. First National Bank*, 98 Ala. 521; *Harris v. Russell*, 93 Ala. 59, *and Howell v. Carden*, 99 Ala. 100, but it was then held that the principle stated in these cases were not applicable to the case at bar. The decree of the chancellor having been reversed for other reasons there stated; after remandment of the cause, the Association amended its answer by de-

[Allen *et al.* v. Riddle.]

nying the allegations of the bill as to usury, and further setting up the fact that the contract of loan by the Association to the said Sallie B. Allen was one, which by its conditions and terms was to be performed in the State of Georgia, and by the laws of that State was free from any taint of usury. In this respect the issues as now presented are different from what they were on the former appeal. The case as made by the bill was that James B. Allen was indebted to the complainant, Riddle and, while so indebted, procured a conveyance of certain real estate, he furnishing the purchase money for the same, to be made to his wife, Sallie B. Allen, which was afterwards conveyed to the Southern Home Building & Loan Association to secure an indebtedness of the said Sallie B. Allen; and the bill further charges that the Association had actual notice of the fraudulent intent of James B. Allen, in procuring the conveyance of the property to be made to his wife. The bill also alleged that said Association was not entitled to protection, as a purchaser for value, for the reason, that the debt, which the mortgage was given to secure, was infected with usury. The answer of the Association denies any knowledge or notice of the alleged fraud, and as amended also, denied the charge of usury. The loan which constituted the consideration of the bond, and which the mortgage to the Association was given to secure was not disputed. It is shown by the record that Sallie B. Allen was a stockholder in, and member of, said Association, and as such obtained the loan in question. It is also shown that she held stock and procured the loan under the by-laws, rules and regulations of the Association. Section 8 of the by-laws, provides; "All money due from members to the Association, or from it to the members, shall be payable at the home office, in Atlanta, Georgia." And section 15, provided as follows: "All contracts made by or with this Association shall be deemed to have been made at the home office, in Atlanta, Fulton county, Georgia." Furthermore, it is stipulated in the bond in question, that Sallie B. Allen shall pay to the Association in dues on her stock, and the premium and interest on her loan, as provided in the by-

laws, rules and regulations of the Association. From this it would appear that the contract of loan was to be performed in the State of Georgia, and by the laws of that State to be determined whether or not the contract is usurious.—*Farmers Building & Loan Association v. Kent,* 131 Ala. 246; *Pioneer Savings & Loan Association v. Nonnemacher,* 127 Ala. 521; *Hays v. Southern Home Building & Loan Association,* 124 Ala. 663; *Bedford v. Eastern Building & Loan Association,* 181 U. S. 227. It was shown by the duly accredited reports of the decisions of the supreme court of Georgia, which were introduced in evidence, that the contract before us, under the laws of that State was not an usurious one. There is no pretense here, that the contract was made to be performed in another State as a shift or device to avoid the usury laws of this state, on the contrary the contention was, and is, that the contract is an Alabama contract, and the chancellor so held, but we think, under the authorities cited above, he was in error in so holding.

The remaining question is, whether it was shown as charged in the bill that the Association had notice of the fraudulent intent of James B. Allen in procuring the conveyance of the land to be made to his wife, which was afterwards mortgaged by her to the Association, he joining with his said wife in the mortgage.

The rule is, that where the payment of a valuable consideration is shown, the burden is cast upon the complaining creditor to prove the existence of a fraudulent intent, and that such intent was known to the grantee of the conveyance assailed.—*Hodge v. Coleman,* 76 Ala. 103; *Shealey v. Edwards,* 75 Ala. 411; *Lipscomb v. McClellan,* 72 Ala. 151.

We are of the same opinion now, that we entertained on the former appeal as to the character of the transaction in which the conveyance of the land was made to Sallie B. Allen, that is to say, that the evidence sufficiently warrants the conclusion, that at the time of said conveyance James B. Allen was insolvent, and that he furnished the consideration and procured the deed to be made to his wife, and this with a fraudulent intent as to his creditors. But there is still another question—

[Allen *et al.* v. Riddle.]

does the complainant show the Association, at or before
the time of making the loan to Sallie B., the alleged
fraudulent grantee, had notice of said fraudulent trans-
action and intent? The bill as last amended alleged that
F. A. Randolph was the local attorney of the Associa-
tion, at New Decatur, Alabama, and was required to
make an abstract of the property before the loan was
made, and that in making such abstract he ascertained
that judgments had been rendered against James B.
Allen, and that when he ascertained these facts he was
acting as attorney for said Association, and all this
for the purpose of fixing knowledge or notice on the As-
sociation. The Association in its answer to the bill as
amended, denied these allegations, and denied that Ran-
dolph was ever its attorney, and further alleged in such
answer that the Association had no information that
James B. Allen had been embarrassed and was insol-
vent, either at the time the title was acquired by Sallie
B. Allen, or at the time the said loan was made by the
Association to her. No attempt was made to prove these
allegations as made in the last amendment to the bill.
There is absence of any and all proof which would
charge the Association with notice of the financial con-
dition of Jas. B. Allen. There is no evidence either to
show that an abstract of title was made, or, if it was
made, that the abstracter made any search of the record
of the circuit court to see if any judgments were open
against him. The title to the land embraced in the mort-
gage to the Association was in Sallie B. Allen, and it is
not shown that the name of James B. Allen appeared
anywhere in the chain of title, and therefore, there was
no apparent reason for making any investigation con-
cerning his financial condition. As was said in the case
of *Thames v. Rembert,* 63 Ala. 561, "Fraud is never
presumed, but must be proven by the party asserting it,
and it will not be imputed, when the facts and circum-
stances, from which it is supposed to arise, may reason-
ably consist with honest intentions." And in *Harrell
v. Mitchell,* 61 Ala. 270, it is said that fraud "must be
proved by clear and satisfactory evidence, and when a
transaction is susceptible fairly of two constructions,

the one which will support and free it from the imputation of impurity of intention will be adopted." The evidence is not sufficient to warrant or authorize the conclusion that the Association had notice of the alleged fraud by which Sallie B. Allen acquired title to the land, and the burden of proof being on the complainant to show this, it follows that the complainant it not entitled to relief on this phase of the case.

Our conclusion is that the chancellor erred in the decree rendered as to the appellant Association, and this decree will be reversed, and a decree here rendered dismissing the bill as to the respondent Association.

Reversed and rendered.