(96 South. 885)
**SIMS v. DIXIE SOUTHERN LAND CO. et al.
(6 Div. 897.)**

(Supreme Court of Alabama. June 7, 1923. Rehearing Denied June 25, 1923.)

1. **Fraudulent conveyances** ⬤⇒277(1) — **Evidence of indebtedness and averment of no consideration for conveyance shifts burden on defendants to prove valuable consideration.**

In a suit by a creditor to set aside a deed for the surface rights of land as being without consideration and fraudulent, the averment that there was no consideration for the conveyance, and evidence that the grantor was indebted to the plaintiff at the time of the conveyance, shifted the burden onto defendants, not only to deny that there was no consideration, but to aver and prove a valuable consideration, in what the consideration consisted, when and how it was paid.

2. **Fraudulent conveyances** ⬤⇒271(3)—**Where defendants in suit by creditor to set aside deed for fraud proved valuable consideration, burden on complainant to prove fraudulent intent participated in by grantee.**

Where, in a suit by a creditor to set aside a deed for the surface rights of lands on the ground that it was without consideration, if defendants meet and overcome the burden of proving a valuable consideration, then the burden is cast upon complainant to prove the existence of fraudulent intent in the grantor in making the conveyance, and that such intent was known to the grantee, and participated in by him.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Fraudulent conveyances** ⊛295(1)—**Evidence held sufficient to sustain decree for defendant in suit by creditor to set aside deed.**

In a suit by a creditor to set a deed aside on the ground of no consideration and fraudulent intent, evidence that complainant conveyed the lands to grantor and accepted as part payment a note secured by other property, and that the consideration in the deed was adequate and valuable, and that if there was fraud on the part of the grantor the grantee therein knew nothing of it nor participated therein, *held* sufficient to sustain a decree for defendants.

Appeal from Circuit Court, Cullman County; Robert C. Brickell, Judge.

Bill by W. L. Sims against the Dixie Southern Land Company and A. L. Johnson. From a decree dismissing the bill, complainant appeals. Affirmed.

Edward T. Rice, of Birmingham, for appellant.

The burden of proof was upon the defendants, and they must allege and prove good faith and that there was an actual adequate valuable consideration for, said conveyance, in what it consisted, when it was paid, and how it was paid. Noble v. Gilliam, 136 Ala. 618, 33 South. 861; Wood v. Riley, 121 Ala. 100, 25 South. 723; Gamble v. Aultman, 125 Ala. 372, 28 South. 30; Freeman v. Stewart, 119 Ala. 158, 24 South. 31; Watts v. Burgess, 131 Ala. 333, 30 South. 868; Robinson v. Moseley, 93 Ala. 70, 9 South. 372; Moog v. Barrow, 101 Ala. 209, 13 South. 665; Killian v. Cox, 132 Ala. 664, 32 South. 738. The means of proof lie within the ability of the parties, and, if they do not produce it, the transaction must be pronounced fraudulent as to complaining creditors. Hubbard v. Allen, 59 Ala. 283; 27 Corpus Juris, 803; Alabama Power Co. v. Talmadge, 207 Ala. 86, 93 South. 548; Logan v. Chastang, 207 Ala. 52, 91 South. 867; Pollak v. Harmon, 94 Ala. 420, 10 South. 156; Carter v. Chambers, 79 Ala. 223; McGar v. Adams, 65 Ala. 106; Kilgore v. State, 74 Ala. 1; Fincher v. State, 58 Ala. 215; Buchanan v. State, 55 Ala. 158; 1 Wig. Ev. § 285; 1 Greenl. Ev. § 82; 2 Chamb. Mod. Ev. § 1075.

F. E. St. John, of Cullman, for appellees.

Where payment of a valuable consideration is shown, the burden is cast upon the complaining creditor to show fraud. Allen v. Riddle, 141 Ala. 621, 37 South. 680; Hodges v. Coleman, 76 Ala. 103; Shealey v. Edwards, 75 Ala. 411; Lipscomb v. McClellan, 72 Ala. 151. Fraud is not presumed; and when charged, and denied, it must be established by the evidence before relief can be had. Wallace v. Crosthwait, 196 Ala. 356, 71 South. 666; Thames v. Rembert's Adm'r, 63 Ala. 561; Harrell v. Mitchell, 61 Ala. 270; Morris v. Barton & Allen, 180 Ala. 98, 60 South.

172; Henderson v. Gilliland, 187 Ala. 268, 65 South. 793.

MILLER, J. The bill of complaint was filed by W. L. Sims against Dixie Southern Land Company, a corporation, and A. L. Johnson. It avers the Dixie Southern Land Company conveyed by deed on January 27, 1917, to A. L. Johnson the fee-simple title to certain lands, the mineral interest only in other lands, and the surface and surface rights only in other lands—all of which are therein particularly described. It also avers that on June 23, 1917, A. L. Johnson by deed conveyed to C. M. Lane all of the coal and iron ore in this land with certain mining rights and privileges; Johnson retaining the surface right in and to this real estate, which he still holds and claims to own.

The bill avers the conveyance by Dixie Southern Land Company to Johnson was voluntary; that there was no consideration in fact paid by Johnson for this conveyance; and, if mistaken in this, complainant avers that at the time of the conveyance the Dixie Southern Land Company was in embarrassed financial condition, and the conveyance was made for the purpose of hindering, delaying, and depriving its creditors—of which Johnson had notice—and that Johnson participated in that purpose; or that the conveyance was made in secret trust for the Dixie Southern Land Company to preserve the property from its creditors and to keep it under its control. The bill further avers if any consideration was paid by Johnson to the Dixie Southern Land Company it was done with full knowledge of the intent of the land company to defraud its creditors, and that Johnson participated in this fraudulent intent. The bill claimed complainant was a creditor of the Dixie Southern Land Company; that it at the time of the execution of the conveyance to A. L. Johnson owed him $3,000 evidenced by its note to him dated November 24, 1916, and payable 90 days after date, which note is still due and unpaid. The complainant conveyed and sold all this property on November 24, 1916, to the Dixie Southern Land Company, and the $3,000 was a part of the consideration. The bill further avers:

"That the said conveyance by the said Dixie Southern Land Company to the said A. L. Johnson was fraudulent and void, at least in so far as concerns the rights to the said lands that remain in the name of the said Johnson, as to orator, and he seeks by this bill to have the said surface rights to the said lands subjected to the payment of the said indebtedness of $3,000, with interest and attorney's fees."

The complainant seeks to have the conveyance made by the Dixie Southern Land Company to A. L. Johnson declared fraud-

ulent and void "in so far as the said surface right to said lands are concerned," and "that the said surface rights to the said lands be subjected to the payment of the said indebtedness due and owing to orator."

We find some demurrers to the bill as amended, but no ruling of the court thereon.

The defendant Johnson answered the bill as amended and stated he had no notice or knowledge of the fraudulent intent, if any, of the Dixie Southern Land Company in making the conveyance of the land to him; that he had no notice or knowledge of the note due complainant; "that complainant had notice of said transaction before same was made, and did not object thereto;" and that he "purchased the lands described in the bill of complaint from the Dixie Southern Land Company at and for the price of $10,-000; that at the time of said purchase he paid the full amount of said purchase price, by paying $6,000 in cash, and the transfer of other property to the value of $4,000 in settlement of the remainder; that the said sum of $10,000 was a fair and reasonable cash value of said lands at the time of said purchase. The defendant Johnson also states in his answer:

"That the said A. L. Johnson conveyed the mineral rights to said lands to one C. M. Lane as averred in paragraph 6 of the bill of complaint, and afterwards the said C. M. Lane conveyed the said mineral rights of said lands to the Stouts Mountain Coal Company, a corporation, and that transaction was with the knowledge and consent of the complainant, and that said Stouts Mountain Coal Company assumed a mortgage held by the complainant against said lands, which said mortgage was paid to the complainant in different installments as they came due, and was accepted by the complainant, and that complainant recognized the Stouts Mountain Coal Company as the payer of said mortgage and looked to it for payment thereof."

The Dixie Southern Land Company files answer in the nature of a cross-bill, setting up the foregoing matters alleged by defendant Johnson. It admits that it purchased the land in this suit, conveyed to Johnson, from complainant, and as part of the purchase price agreed to pay him $3,000 as evidenced by the note, but this $3,000 was secured by other and different property, and complainant waived its purchase-money lien on this land on account of the Dixie Southern Land Company giving it other property as security therefor; it avers it sold the property to A. L. Johnson in good faith for fair and valuable consideration and with no fraudulent intent.

The complainant demurred to the cross-bill, but we find no ruling on it by the court. The complainant answered the cross-bill by stating in substance that it received nothing on the $3,000 note from the property given it by the Dixie Southern Land Company as security for this debt; that it was subject to prior liens thereon, and when sold complainant received none of the proceeds on his debt, other prior lien creditors having received all the proceeds of sale from the property.

The court on final hearing decreed that neither complainant nor cross-complainant were entitled to relief, dismissed the bill of complaint as amended, dismissed the cross-bill, and taxed complainant with the cost. From this decree the present appeal is prosecuted by complainant, and it is the error assigned.

It appears from the evidence that complainant owned all of the property involved in this suit—both mineral interest and surface rights and fee-simple title to parts of the land—having purchased it from the Stouts Mountain Coal & Coke Company, to which company it was indebted in the sum of $5,000 secured by a first mortgage on this property dated October 15, 1915. On November 24, 1916, the complainant sold and conveyed all of this property to the Dixie Southern Land Company for $500 cash, the assumption by it of the $5,000 note and mortgage due Stouts Mountain Coal & Coke Company on this land, $8,000 evidenced by the notes given by it payable to complainant secured by a second mortgage on this land, and "other valuable consideration." No other consideration is specially mentioned in the deed or mortgage, but the proof shows the other valuable consideration was the $3,000 note on which this suit is based, which was secured by transfer of other and different property to complainant on which other parties had prior liens and mortgages for debts due them.

The Dixie Southern Land Company, by H. H. Black, then its president, sold and conveyed to defendant A. L. Johnson all of the land involved in this suit, and which is described in the deed to it by complainant, said deed bearing date January 27, 1917. The deed recites the following consideration, "$1 and other valuable consideration to the undersigned grantor Dixie Southern Land Company in hand paid by A. L. Johnson," and the agreement to pay at maturity the $5,000 mortgage held by Stouts Mountain Coal Company, and the $8,000 mortgage payable to W. L. Sims on this property.

[1] The existence of complainant's note and the debt due by it when the conveyance was made to A. L. Johnson is admitted by the pleadings and shown by the proof. The Dixie Southern Land Company owed this debt when it executed the conveyance to Johnson. This is clear from the testimony. This evidence and the averment of the complainant that there was no consideration for the conveyance shifted the burden onto the defendants, not only to deny that there was no consideration, but to aver and prove a valuable consideration, in what the consideration consisted, when and how it was paid. Noble

v. Gilliam, 136 Ala. 618, 33 South. 861; Gamble v, Aultman, 125 Ala. 372, 28 South. 30.

In Killian v. Cox, 132 Ala. 664, 32 South. 738, this court wrote on this subject the following:

"Affirmative allegation of facts relied on as constituting the consideration is as essential as satisfactory proof of their existence. Such allegation must be definite, clear and concise, in its statement of facts, in order that the complainant may be apprised of the defense he is called upon to meet."

[2] If the defendants met and overcame this burden by allegation and proof, then the burden is cast on the complainant, the creditor, to prove the existence of a fraudulent intent in the grantor in making the conveyance, and that such intent was known to the grantee, and participated in by him. Allen v. Riddle, 141 Ala. 621, 37 South. 680.

[3] Did the defendants meet and comply with this burden resting on them by proper, clear, and concise allegation as to the valuable consideration, and by satisfactory proof of their existence? The averments are concise and sufficiently clear. Is the proof of its existence satisfactory?

In November, 1916, the complainant sold and conveyed this property to the Dixie Southern Land Company for $500 cash, the $3,000 note involved in this suit, a second mortgage to him on the property for $8,000, and the assumption by it of a $5,000 mortgage on the property due Stouts Mountain Coal Company, this making the total consideration $16,500. The Dixie Southern Land Company sold and conveyed this property to A. L. Johnson for a consideration aggregating $23,000. It appears from the evidence that A. L. Johnson afterwards sold this entire property for the aggregate sum of $24,250, as follows: The mineral interests in all of it to C. M. Lane for $13,000, the surface interest in 80 acres to Luther Hann for $1,250, and the balance of the surface interests in the land for $10,000 to Stouts Mountain Coal Company.

It is clear and undisputed that A. L. Johnson agreed in the trade with Dixie Southern Land Company to pay, and assumed, debts secured by mortgages on this property—mineral and surface rights—aggregating $13,000. The complainant owned an $8,000 mortgage on this property, and the Stouts Mountain Coal Company owned a $5,000 mortgage on it, which made the $13,000. The mineral interest in this land was sold and conveyed by A. L. Johnson to C. M. Lane, and Lane afterwards sold and conveyed it to the Stouts Mountain Coal Company. The evidence shows that these subvendees of Johnson assumed or paid as consideration therefor the $8,000 mortgage of complainant and the $5,000 mortgage. There is evidence that Johnson also as consideration for this property paid the Dixie Southern Land Company $6,000 cash and $4,000 in other property. This made the entire consideration $23,000, for the surface and mineral rights in the entire property, paid by Johnson to the Dixie Southern Land Company.

The defendants by proof, satisfactory proof, overcame the burden placed on them. The consideration, $23,000, for the property, was satisfactorily proven by the defendant Johnson to have been paid to the Dixie Southern Land Company, and the mortgagees entitled thereto, and from the evidence it clearly appears to have been an adequate and a valuable consideration. The complainant under his mortgage received the sum of $8,000 of the $23,000 consideration, or it was assumed by the subvendees.

In Allen v. Riddle, 141 Ala. 626, 37 South. 682, this court said:

"The rule is that, where the payment of a valuable consideration is shown, the burden is cast upon the complaining creditor to prove the existence of a fraudulent intent and that such intent was known to the grantee of the conveyance assailed."

We have read and considered the evidence and are of the opinion the complainant did not meet by proof this burden placed on him by law from proven facts.

We find no satisfactory proof of the existence of fraud by the grantor, Dixie Southern Land Company, in executing this conveyance to A. L. Johnson, and if there was we find no satisfactory proof indicating that Johnson, the grantee, knew of it or participated therein. The complainant, from the evidence, is not entitled to the relief he seeks, and the court properly by decree dismissed the bill of complaint as amended.

A further discussion of the evidence showing how this conclusion was correctly reached by the trial court and by this court is not required, and it would be of no benefit to any one.

Finding no error in the record, the decree is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.