(108 So. 519)

## HOOD et al. v. CHRISTOPHER et al.
## (7 Div. 620.)

(Supreme Court of Alabama. April 22, 1926. Rehearing Denied May 20, 1926.)

**1. Vendor and purchaser ⊜254(1)—Unpaid debt, for which purchaser of land is or was unconditionally liable as primary debtor, is necessary to enforce vendor's lien.**

To enforce vendor's lien, there must be unpaid debt to claimant, contracted in purchase of land, which purchaser at time, or at some prior date, was unconditionally liable to pay as primary debtor.

**2. Vendor and purchaser ⊜254(1).**

As respects right to vendor's lien, minor, paid in cash for her interest in land, had no interest in purchase-money notes, though she was one of payees, and had joint legal title.

**3. Vendor and purchaser ⊜254(1)—Where all parties understood that certain amount of cash paid was value of minor vendor's interest, and to be used in procuring title through confirmation of sale by probate court, which ordered deed to purchaser separate from prior deed not binding as to minor's interest, vendors' joint interest was severed as to minor whose undivided interest was not subject to vendor's lien.**

Where it was understood by all parties to sale of land that stated amount of cash paid was value of minor vendor's interest, and was to be used in procuring title through confirmation of sale by probate court, and deed, separate and distinct from prior deed not binding as to minor's interest, was ordered to be made to purchaser, there was severance or separation of vendors' joint interest in land as respects minor, and no vendor's lien existed on her undivided interest therein.

Appeal from Circuit Court, Etowah County; W. J. Martin, Judge.

Bill in equity by Rufus Christopher and others against R. L. Hood, E. L. Goodhue, individually and as executor under the will of Amos E. Goodhue, deceased, and others. From the decree, respondents Goodhue appeal. Corrected and affirmed.

Robert F., William P., and John W. George, adults, and Margaret T. George, a minor, jointly owned the parcel of land involved. These adult owners and the minor by her guardian, Robert C. George, contracted for

the sale of the land to R. L. Hood for a consideration of $4,000, $1,500 of which was paid in cash, and the balance evidenced by two notes for $1,250 each. A deed in conformity with the contract was executed to said Hood in 1920. By agreement $1,000 of the cash payment was paid to the guardian as the true value of the minor's one-fourth interest in the property. Thereafter the guardian reported the transaction to the probate court, which court confirmed the sale by the guardian of the minor's one-fourth interest, and ordered that the guardian execute to the purchaser, Hood, a deed to the minor's said interest, which deed the guardian did execute, reciting full payment of the $1,000 purchase price for the minor's interest.

In 1922 A. E. Goodhue, by recording a judgment against R. L. Hood, secured a lien on whatever interest said Hood had in the property subject to execution, which lien was in 1925 enforced by judicial sale of the lot, at which E. L. and C. L. Goodhue became the purchasers. In 1923 complainant Christopher, for value, secured a transfer of the notes for the unpaid balance of the purchase price of the lot. Just prior to the execution sale at which respondents Goodhue purchased, complainants filed their original bill, making as parties judgment creditors of Hood, praying that said Christopher be decreed to have a vendor's lien upon the lot to secure the payment of said notes, superior to any claim or lien of respondents, and for sale of the lot to satisfy said lien.

The decree of the chancellor fixed the complainant's lien upon the whole of the property, and ordered that, unless the amount found due be paid within the time specified, the said land be sold to satisfy the lien.

Goodhue & Lusk, of Gadsden, for appellants.

No vendor's lien attaches and remains on the minor's interest to secure payment of the balance of the purchase money owing to the adult tenants in common. Code 1923, § 9357; Avery v. Clark, 87 Cal. 619, 25 P. 919, 22 Am. St. Rep. 272; Jones v. Laird (Ala. Sup.) 42 So. 26; Bank of Florala v. Smith, 11 Ala. App. 358, 66 So. 832; Bankhead v. Owen, 60 Ala. 457; 37 C. J. 312; 17 R. C. L. 603; Jackson v. Rutherford, 73 Ala. 155; McCurdy v. Middleton, 82 Ala. 131, 2 So. 721; Rogers v. Sou. Calif. Co., 159 Cal. 735, 115 P. 934, 35 L. R. A. (N. S.) 543. The record of the proceeding in the probate court, ascertaining that the purchase price of the interest of the minor has been paid, estops the minor and any one claiming under her from denying such purchase price was paid and from asserting a vendor's lien on such interest. 34 C. J. 990.

Culli, Hunt & Culli, of Gadsden, for appellees.

The sale of the lot in 1920 was a joint sale of the entire interest and for a lump sum. The notes for deferred payments were secured by a vendor's lien on the entire lot. The guardian was not authorized to make a sale of only the minor's interest in the lot. Code 1923, § 9357; Code 1907, § 5253; Van Houtan v. Black, 191 Ala. 173, 67 So. 1008. By transfer of the notes the right to enforce a vendor's lien upon the entire interest inured to Christopher. Code 1907, § 5160; Code 1923, § 9263; Dowling v. McCall, 124 Ala. 633, 26 So. 959; Crampton v. Prince, 83 Ala. 246, 3 So. 519, 3 Am. St. Rep. 718; Woodall v. Kelly, 85 Ala. 368, 5 So. 164, 7 Am. St. Rep. 57; McLean v. Smith, 108 Ala. 533, 18 So. 662. Appellants, judgment creditors, have no higher right than their debtor, Hood, would have. Nunnelly v. Barnes, 139 Ala. 657, 36 So. 763; Owen v. Bankhead, 76 Ala. 143; Clements v. Motley, 120 Ala. 575, 24 So. 947.

ANDERSON, C. J. [1-3] Where the purchase money for land has been paid there can be no vendor's lien. "To maintain a bill to enforce a vendor's lien, there must be a debt due to the complainant, contracted in the purchase of the land, still unpaid, and which the purchaser, either at the time, or at some prior date, was liable to pay as a primary debtor, without condition." Scheerer v. Agee, 106 Ala. 150, 17 So. 610, and cases cited. While the deed was executed to Hood by all of the vendors, including the minor, and the two notes were payable to the vendors, including the minor, it was understood between all the parties that $1,000 of the cash paid was the value of the interest of the minor, and was to be used in the procurement of a title through the confirmation of the probate court. And in the proceedings it was shown that the share of the minor had been paid in cash, and a deed was ordered to be made to the purchaser, which was separate and distinct from the first deed, which was not binding as to the interest of the minor. The minor, having been paid in cash for her interest in the land, had no interest in the notes given for the unpaid purchase money, notwithstanding she was one of the payees. She may have had a joint legal title, but she has no equitable interest in the notes. The entire transaction indicates that she was not to be paid unconditionally, and that she has been paid in full for her interest in the land since the happening of the condition. We also think that the entire transaction shows a severance or separation of the joint interest in so far as the minor was concerned, and that no vendor's lien existed on her undivided one-fourth interest in the land, and that the trial court erred in declaring and enforcing a vendor's lien upon all of the land as only an undivided three-fourths interest was subject to said lien. The decree of the circuit

court is, therefore, corrected and affirmed, and the cost of this appeal is taxed to the appellee Christopher.

Corrected and affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.