163 So. 334

## DENTON et al. v. LINDLER.
### 6 Div. 751.

Supreme Court of Alabama.

June 20, 1935.

Rehearing Denied Oct. 10, 1935.

S. A. Lynne, of Decatur, for appellants.

Under the facts and circumstances shown by the bill, complainant is not entitled to a vendor's lien or to have the mortgage canceled for fraud. The bill is wholly without equity.

John A. Posey, of Haleyville, for appellee.

FOSTER, Justice.

Complainant sold land to J. O. Denton, and took a note and mortgage on it for the purchase money. He then sold and transferred the note and mortgage to J. E. Dutton, and took from him simple purchase-money notes, unsecured. Other transactions alleged are not here important, with reference to the claim by complainant of a vendor's lien on the land.

The act of taking the mortgage from Denton is a waiver of his implied lien to secure the purchase price which Denton agreed to pay him. For his debt he must look to the mortgage as security. Fields v. Drennen, 115 Ala. 558, 22 So. 114; Campbell v. Goldthwaite, 189 Ala. 1, 66 So. 483. But whether so or not, its sale and transfer was an assignment of his claim. Section 9236, Code.

As we construe the bill, its purpose, in this connection, is to enforce a lien for the price which Dutton agreed to pay him for the purchase of the mortgage and note given him by Denton. No implied vendor's lien exists for the purchase money of any sort of property except realty when it is delivered to the purchaser under the contract. Hood v. Christopher, 214 Ala. 603, 108 So. 519; Scheerer v. Agee, 106 Ala. 139, 17 So. 610.

The theory of mortgages in Alabama is that, at law, they pass the legal title, suffi-

cient to sustain ejectment. Cowart v. Aaron, 220 Ala. 35, 123 So. 229; State Bank of Elberta v. Peterson, 226 Ala. 13, 145 So. 154. But in equity, until foreclosure, they are merely security for a debt; the mortgagor continuing the real owner of the land. Toomer v. Randolph, 60 Ala. 356; Roulhac v. Jones, 78 Ala. 398; Keith v. McLaughlin, 114 Ala. 60, 21 So. 483.

A debt for the purchase price of land secured by a mortgage on it is in equity regarded as a personal asset. Dunham v. Milhous, 70 Ala. 596.

The title to the property is in the mortgagee only as security, and revests in the mortgagor upon his payment of the debt. Section 9026, Code.

This status of the law as to mortgages leads to the conclusion that when the mortgagee sold and assigned his debt and mortgage to Dutton, he did not in the contemplation of a court of equity sell real estate in the sense in which he is a vendor with an implied lien to secure the purchase price. So that in this suit, his title to the land is not ownership, but for security. It is not realty when so considered, but personalty. No apt words of conveyance are necessary to assign his right to collect the debt and foreclose the mortgage, though sufficient words must be used in an assignment to show an intent to pass the legal title to the land if the assignment is to have that effect at law. Ritter v. Mosely, 226 Ala. 648, 148 So. 143, where the authorities are collected.

We think that complainant does not allege facts on which equity creates a vendor's lien. But he shows that at a time when he was an existing creditor of Dutton by simple contract he, without consideration, transferred and assigned the Denton mortgage to Dusking, his stepdaughter, and with the intent to hinder, delay, or defraud complainant. It therefore shows a right to have the assignment of it set aside and that the property be subjected to his debt. Birmingham Property Co. v. Jackson Securities & Inv. Co., 226 Ala. 612, 148 So. 316; Cody v. Stanford, 229 Ala. 429, 157 So. 868; Kratz v. Bonner, 228 Ala. 607, 155 So. 77; Waites v. First National Bank, 227 Ala. 684, 151 So. 847.

To that extent the bill has equity, and is not subject to the demurrer. Demurrer to it should not be sustained because it seeks relief which the facts do not justify, if they are sufficient for some other equitable relief. Glass v. Stamps, 213 Ala. 95, 104 So. 237; Pickens v. Clark, 203 Ala. 544, 84 So. 738; Wilks v. Wilks, 176 Ala. 151, 57 So. 776; Stokes v. Stokes, 212 Ala. 190, 101 So. 885.

The demurrer to the bill was overruled without error.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.