191 So. 210

**DUTTON et al. v. LINDLER.**

6 Div. 446.

Supreme Court of Alabama.

June 15, 1939.

Rehearing Denied Oct. 12, 1939.

Russell W. Lynne and S. A. Lynne, both of Decatur, for appellants.

W. L. Chenault, of Russellville, for appellee.

BOULDIN, Justice.

On former appeal (Denton v. Lindler et al., 231 Ala. 27, 163 So. 334), the equity of the bill, as one to set aside a voluntary conveyance at the suit of an existing creditor of the grantor, was upheld.

The subject matter was a real estate mortgage held by J. E. Dutton against J. O. Denton, and was transferred by Dutton to his stepdaughter, Nora B. Dusking, a member of his family. The bill disclosed that complainant, Lindler, was an existing creditor of Dutton at the time of such transfer, and alleged the transfer was made without consideration and with the intent to hinder, delay or defraud complainant.

The present appeal is from a final decree on pleadings and proof granting the relief prayed.

Without dispute Lindler was an existing creditor of Dutton. Lindler had first held a purchase money mortgage given by Denton on the same lands, and on January 7, 1931, had sold and assigned the debt and mortgage to Dutton, taking his personal notes, maturing at future dates. They were never paid. A judgment had been taken on the first maturing note before the bill was filed.

The burden was, therefore, on appellants by proper averments and proof to show a valuable consideration for the transfer from Dutton to his stepdaughter, and in what it consisted. Sims v. Dixie Southern Land Co. et al., 209 Ala. 679, 96 So. 885; R. W. Allen & Co. v. Sands et al., 216 Ala. 106, 112 So. 528; Davis v. Harris, 211 Ala. 679, 101 So. 458.

Denton had renewed the mortgage after it was acquired by Dutton, including an additional indebtedness he then owed Dutton. This renewal mortgage was transferred to Miss Dusking, and afterwards foreclosed, bought by a relative of Dutton, as a conduit of title to Miss Dusking.

The whole became equitable assets of Dutton subject to the payment of his pre-existing debts, if the transfer was without consideration. Denton v. Lindler, supra.

A careful study of the evidence, direct and circumstantial, leads us to the same conclusion as the court below.

A review of the evidence would serve no good purpose.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.