This is an appeal from a judgment setting aside a certain conveyance of real estate by appellant Garry Gurley to his wife, appellant Cora Lee Gurley, as having been done to defraud appellee Blue Rents, Inc., a creditor of appellant Garry Gurley.
The fundamental issues presented for our review are:
(1) Whether the appellee's action to set aside an alleged fraudulent conveyance was commenced before the running of the statute of limitations;
(2) Whether the trial court was correct in finding that the conveyance was fraudulent and based upon inadequate and insufficient consideration; and
(3) Whether the judgment entered by the trial court holding the conveyance for naught was overbroad and thereby improperly entered.
After having considered each of these issues, we conclude that the judgment of the trial court is due to be affirmed.
The evidence received at trial revealed that on March 6, 1974, the appellants Garry Gurley and his wife, Cora Lee Gurley, purchased a certain parcel of land in Mobile County, Alabama as joint tenants with right of survivorship. The purchase price was $26,000.00. In order to finance the purchase, the Gurleys executed a mortgage to the Commercial Guaranty Bank of Mobile mortgaging the subject property and other properties for the sum of $40,092.48. The other real property was owned separately and individually by Mrs. Gurley.
The payments on the mortgage were nearly $400 a month and from time to time Mr. Gurley could not make the payments and was consistently late. Then on February 10, 1975, Mr. Gurley conveyed his respective interest in the property to his wife. Mr. Gurley estimated that at this time there was approximately $24,000 still owing on the original purchase price. Upon receiving the property, Mrs. Gurley immediately sold various properties owned by her, paid off the mortgage and refinanced the subject property at a lower rate. She currently stands as the sole record owner of the property.
The record shows that on June 29, 1974, a short time after the appellants consummated the purchase of the subject property, appellant Garry Gurley entered into the first of a series of business transactions with the appellee, Blue Rents, Inc. It appears that Mr. Gurley rented and purchased equipment from Blue Rents and had equipment repaired by it. These transactions were conducted on a credit account basis; and Gurley became delinquent in making payments. On February 12, 1975, some two days after Gurley had conveyed his interest in the subject property, a suit was instituted against him by Blue Rents which sought the recovery of over $10,000 for accounts due and owing from Garry Gurley as of December 1, 1974. Judgment was entered on this claim in favor of Blue Rents on February 1, 1977. On August 8, 1977, Blue Rents commenced the present action seeking to set aside the February 10, 1975, conveyance. On April 26, 1979, the trial court entered judgment in favor of Blue Rents, setting aside the conveyance and holding it for naught. The Gurleys thereafter perfected an appeal to this Court.
 I
The threshold issue is whether the appellee commenced its action within the statutory time limits of the applicable statute of limitations. To answer this question requires a consideration of which statute of limitations is indeed applicable to actions of the type here involved. We are dealing with a creditor's suit to set aside an alleged fraudulent conveyance, a conveyance wherein a husband/debtor conveyed to his wife his respective share in property held by them as joint tenants with right of survivorship. *Page 534 
It was commenced some two and one-half years after the conveyance took place. The question is whether it was timely filed.
In determining which statute should apply, we recognize the longstanding rule pronounced by this Court in Van Ingin v.Duffin, 158 Ala. 318, 48 So. 507 (1909). In that case the Court held:
 "A bill to set side a fraudulent conveyance is a suit for the recovery of land and governed by the statute of limitations. Washington, Adm'r, v. Norweed, 128 Ala. 383, 30 So. 405. The statute provides that actions for the recovery of lands must be commenced within ten years `after the cause of action has accrued.' Code 1907, §§ 4832, 4834, par. 2. [Now Code 1975, § 6-2-33.]"
In Van Antwerp v. Van Antwerp, 242 Ala. 92, 5 So.2d 73 (1941), the court, citing Van Ingin, reaffirmed its 1909 decision in holding that:
 "It has been held in many cases by this Court that a suit in equity to set aside a deed to land for fraud where the land is in the possession of the grantee is a suit to recover land and is controlled by the ten year statute."
We recognize the authority of these decisions; however, emphasis must be placed upon the fact that these decisions solely address conveyances of land, land which would have been readily subject to levy and execution had it not been fraudulently conveyed. The question is thus raised whether the attempted recovery of a debtor's respective interest in a joint tenancy can be treated in the same way. Is it an action for the recovery of land? In this regard the appellants assert the premise that in order for any action to qualify as an action for the recovery of land, a real property interest must exist which is visible and tangible, subject to delivery to the sheriff on execution. They contend that one's interest in a joint tenancy does not rise to this requisite level, being only a contingent remainder, not tangible nor reducible to possession. They thus argue that an action for the recovery of one's interest in a joint tenancy is not an action for the recovery of land and the ten-year statute of limitations does not apply. We cannot agree with this logic because it totally ignores the decision of this Court in Nunn v. Keith, 289 Ala. 518, 268 So.2d 792 (1972). In Nunn, the Court availed itself of the opportunity to discuss at length the attributes of joint tenancies in the state of Alabama. Justice Somerville, writing for the majority, declared that by virtue of the 1945 amendment to Ala. Code, Tit. 47, § 19 (1940), the legislature accomplished the revival of common law joint tenancies in Alabama. In addition, he declared that the 1951 amendment to § 19 did not change this, but rather served to remove the common law requirement of unity of time in establishing joint tenancies. In his opinion, Justice Somerville outlined the characteristics of the common law joint tenancy thus revived. At 289 Ala. 520
-521, 268 So.2d 794, he wrote:
 "In a joint tenancy at common law each tenant was seized of some fractional share while at the same time each owned the whole. The most significant feature of such a tenancy was the right of survivorship. When one joint tenant died, the deceased's share was owned by the surviving tenants jointly, until only one remained, who then owned the fee. The last survivor took nothing by survivorship as he had always owned the whole. The deaths of the other joint tenants merely removed impediments to the survivor's complete ownership."
There is no doubt that the decision in Nunn finds application to the joint tenancy presently under review since that tenancy was created subsequent to Nunn; thus relying on Nunn, we must find that on the date of the alleged fraudulent conveyance Garry Gurley was seized of a clearly definable one-half interest in the subject property while at the same time he owned the whole. His conveyance was, therefore, clearly a conveyance of land, one which, if executed to defraud his creditors, would clearly prejudice those creditors. We are thus constrained to conclude that the present action, which seeks to recover that which Mr. Gurley *Page 535 
conveyed, is an action to recover land. As a result, the precedential rulings of Van Ingin, supra, and Van Antwerp,supra, govern, requiring an application of Code 1975, § 6-2-33, the ten-year statute of limitations. The action was clearly commenced within these time limits and was, therefore, timely filed.
 II
Having determined that the action was properly maintained, we now turn our attention to the question of whether the trial court was correct in finding that the present conveyance defrauded the appellee. In resolving this issue, we find it highly significant that we are dealing with a conveyance of real property between husband and wife, one of whom was in financial difficulty. Any time an alleged fraudulent conveyance involves a husband and wife, the approach which must be taken by the court is affected. Exactly how it is affected varies from state to state [In this regard see Annot. 35 A.L.R.2d 8 and 37 Am.Jur.2d Fraudulent Conveyances § 25 (1976)]. In Alabama, the fact that a conveyance took place between a husband and wife does not raise any presumption of fraud, nor does it represent a badge of fraud. Instead, it alters the scrutiny with which the court must consider the conveyance. InUmphrey v. Barfield, 238 Ala. 11, 13, 189 So. 64, 65 (1939), this Court reasoned that ". . . while this relationship [the husband-wife relationship] is not within itself a badge of fraud, `yet under all the authorities, supported by reason and common sense,' transactions between persons occupying such relationship are to be jealously watched and must be subjected to closer scrutiny than would be required of a stranger." Thus, the very fact that Mr. and Mrs. Gurley were the sole parties to the conveyance should have completely changed the way in which the trial court viewed the conveyance. It was essential that the conveyance be more closely scrutinized.
In addition, the relationship of the parties necessitated a shift in the burden of proof. This Court has held on numerous occasions that when a husband conveys certain property to his wife and that conveyance is attacked as a fraud on the husband's existing creditors, the wife bears the burden of proving that the conveyance was based upon a valuable consideration, substantial and not merely nominal. Smith v.Wilder, 270 Ala. 637, 120 So.2d 871 (1960); Dutton v. Lindler,238 Ala. 363, 191 So. 210 (1939). The wife is thus laden with the initial responsibility of proving the bona fide character of the underlying transaction.
After reviewing the record and transcript of the trial, it is clear that the trial court, hearing evidence ore tenus, did not approach the case in the manner outlined above, but we find no error here. The trial court required the appellee to carry the burden of proof in establishing fraud in accordance with the requirements espoused by this Court in Roddam v. Martin,285 Ala. 619, 235 So.2d 654 (1970). In doing so it determined that the appellee had met its burden and further concluded that the appellants failed to show the presence of any adequate consideration. Although the approach thus taken by the trial court on who had the burden of proof was incorrect because it placed an improper burden upon the appellee, we hold that the appellants were not prejudiced thereby. As far as the findings and conclusions of the trial court are concerned, we recognize that when a trial court hears evidence ore tenus, the posture of the case on appeal is totally changed. As noted by this Court on numerous occasions:
 "Where the trial court makes findings after hearing witnesses ore tenus, every presumption will be indulged in favor of the court's findings, and its findings will not be disturbed on appeal unless they are found to be palpably wrong." Russell v. Russell, 361 So.2d 1053, 1054 (Ala. 1978).
After reviewing the record, we find no clear or palpable error in the trial court's determinations. We, therefore, affirm the trial court's finding that the present conveyance perpetrated a fraud upon the appellee. *Page 536 
The final issue to be resolved rests upon the question of whether the trial court erred in the scope of its judgment setting aside the conveyance and holding it for naught. The relevant portion of the judgment which is questioned appears as follows:
 "It is, therefore, ORDERED, ADJUDGED and DECREED by the Court that the conveyance by Defendant Garry Gurley, also known as Buck Gurley, to Defendant Cora Lee Gurley, which was recorded March 6, 1975 in Real Property Book 1431, page 437 of the probate records of Mobile County, Alabama and which purported to convey the following described property in Mobile County, Alabama:
 "The South Half of the Southeast Quarter of the Northeast Quarter of Section 13, Township 3 South, Range 3 West, Mobile County, Alabama
 is hereby SET ASIDE and held for naught as having been executed for the purpose of defrauding Plaintiff herein, who was at that time a creditor of Defendant Garry Gurley."
The appellants contend that this judgment is overbroad and violates the well established rule espoused by this Court inBrown v. Andrews, 288 Ala. 111, 257 So.2d 356 (1972). In Brown, Justice McCall reasserted the position assumed by the Court inFirst National Bank of Birmingham v. Love, 232 Ala. 327,167 So. 703 (1936), that a fraudulent conveyance is valid as to all the world, except the creditors of the grantor. As to those creditors, the conveyance is voidable and may be set aside at their option. If they choose to exercise their option and set aside the conveyance, the conveyance will be set aside only as to them. The appellants contend that the present judgment violates these principles in that it set aside the conveyance and held it for naught. We disagree. As we construe the judgment, it did not deal with the present conveyance in the abstract; rather, it concerned the relative rights of the present litigants. It only held the conveyance for naught as to Blue Rents, Inc. Thus viewing the effect of the judgment, we find no difficulty with its character or scope.
Other issues raised by the parties need not be addressed in passing upon the merits of the present appeal. Having found no error, we conclude that the judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.